JOHN GRADY, Respondent, v. THE CITY OF NEW YORK, Appellant.

MUNICIPAL CORPORATION — IMPLIED CONTRACT TO LABOR IN EXCESS OF A LEGAL DAY'S WORK — INSUFFICIENCY OF EVIDENCE AS TO RECOGNI-TION OF CLAIM FOR EXTRA COMPENSATION. A municipal employee, who for a period of years has received the regular wages attached to his posi-tion and has, without protest, receipted therefor in full for his services, will be deemed to have rendered his services under an implied contract that such wages included payment for any labor performed in excess of a legal day's work; especially in a case where his duties were largely of an emergency character, his employment to discharge those duties, though involving at times work for more than eight hours a day, was entirely legal and the method of payment showed that his compensation was to

cover all the work performed, regardless of how the period of laboi might vary on different days; and the fact that he had made inquiries ol an official connected with the department as to his being paid for over-time several years before the commencement of his action to recover therefor, and was told that he should await the result of a litigation with the city on a similar claim, which thereafter resulted in favor of the plain-tiff therein, is immaterial, where such official had no authority to pay for overtime, expressly said so, and his opinion as to the effect of the litigation was without the scope of his duties and could in no way bind the city.

*Grady* v. *City of New York,* 100 App. Div. 515, reversed.

(Argued May 5, 1905; decided May 30, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 12, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Delany, Corporation Counsel (Theodore Connoly* and *Terence Farley* of counsel), for appellant. Upon an appeal from a non-unanimous affirmance by the Appellate Division the record may be examined in order to ascertain whether there is any evidence which, upon any reasonable view, will sustain a verdict, and when the undisputed facts in connection with the testimony of the plaintiff, when supported by every inference that can be drawn therefrom, do not warrant a verdict in his favor, a question of law arises reviewable by the Court of Appeals. (*Jerome* v. *Q. C. C. Co.,* 163 N. Y. 351; *Matter of Randel,* 158 N. Y. 216; *Ostrom* v. *Greene,* 161 N. Y. 353; *Linkauf* v. *Lombard,* 137 N. Y. 417; *Hemmens* v. *Nelson,* 138 N. Y. 517; *Hudson* v. *R., W. & O. R. R. Co.,* 145 N. Y. 408; *Laidlaw* v. *Sage,* 158 N. Y. 93; *Johnson* v. *N. Y. C. & H. R. R. R. Co.,* 173 N. Y. 83.) This record is absolutely destitute of any competent proof warranting the finding of a verdict in favor of the plaintiff. (*Mullex* v. *U. S.,* 150 U. S. 566; *U. S.* v. *Garlinger,* 169 U. S. 316; *McCarthy* v.

*Mayor, etc.,* 96 N. Y. 1.) Where one is employed by another at a stipulated salary·or receives stipulated wages, there is a presumption of law that all services rendered by him, especially if of a nature closely similar to his regular duties, are rendered under the contract of employment. (*McCormack* v. *Mayor, etc.,* 14 Misc. Rep. 272·; *Carrere·* v. *Dun,* 18 Misc. Rep. 18; *Ross* v. *Harden,* 79 N. Y. 84; *Lyons* v. *Jube,* 17 N. Y. Supp. 664; *Cany* v. *Halleck,* 9 Cal. 198; *Luske* v. *Hotchkiss,* 37 Conn. 219; *Guthrie* v. *Merrill,* 4 Kans. 187; *Voorhees* v. *Combs,* 33 N. J. L. 497; *Bloodgood* v. *Wuest,* 69 App. Div. 356; *Davidson* v. *W. G. L. Co.,* 99 N. Y. 558.) Birdsall did not have the power to make an express contract to pay the plaintiff for overtime, and the law will not imply a contract in·a case where the parties could not legally make an express contract. (*Chase* v *S. A. R. R. Co.,* 97 N. Y. 384; 20 Am. & Eng. Ency. of Law [2d ed.], 1158; *Bruns* v. *Mayor, etc.,* 6 Daly, 156; *Cowan* v. *Mayor, etc.,* 3 Hun, 632; *Reynolds* v. *City of Mount Vernon,* 26 App. Div. 581; 164 N. Y. 592; *Benjamin* v. *City of New York,* 77 App. Div. 62.) The payrolls signed by the plaintiff are the best evidence of his contract of employment, and· by receipting for the sums received by him " in full payment for services rendered in the ·capacity and for the period embraced in this payroll," he has acknowledged that he has been paid all that was due him, has waived any other claims which he might have had, and is now estopped from asserting that he has any such additional claim. (*Bannister* v. *City of New York,* 40 Misc. Rep. 408; *Ryan* v. *City of New York,* 177 N. Y. 271; *McGraw* v. *City of Gloversville,* 32 App. Div. 176; *Downs* v. *City of New York,* 75· App. Div. 423; *Driscoll* v. *City of New York,* 78 App. Div. 52; *Eckerson* v. *City of New York,* 80·App. Div. 12; 167 N. Y. 609; *Callahan* v. *Mayor, etc.,* 6 Daly, 230; *Drew* v. *Mayor, etc.,* 8 Hun, 443.)

*Maurice Deiches* and *Daniel J. Early* for respondent. The evidence in the case fully justifies the verdict of the jury.

(Anson on Cont. rule 2, ch. 1.) A day's work for laborers employed by the state, or any municipality therein, is, under the statute, eight hours, and a person so employed at a per diem rate is entitled to additional compensation pro rata for all work performed in excess thereof. (L. 1882, ch. 410, § 357; L. 1901, ch. 378, § 479; *McCarthy* v. *Mayor, etc.,* 96 N. Y. 1; *Ryan* v. *City,* 177 N. Y. 271; *Cossey* v. *City,* N. Y. L. J., Dec. 5, 1904.) The law implies a promise to pay for services rendered upon the request of an employer, which the employee was not under legal obligation to perform. (L. 1901, ch. 378, § 479; *McCarthy* v. *Mayor, etc.,* 96 N. Y. 1.)

CULLEN, Ch. J. The action was brought by the plaintiff, a foreman of a gang for repairing pipes, stop-cocks, etc., in the bureau of the water supply of the city of New York, to recover compensation for overtime work rendered during six years prior to the commencement of the action. The learned trial judge submitted the case to the jury to determine as questions of fact whether the plaintiff rendered the services under the expectation of compensation, and whether there was an implied contract on the part of the defendant to pay for the same. These issues were decided by the jury in the plaintiff's favor, but as the affirmance by the Appellate Division was not unanimous the question of law is open in this court whether there was any evidence sufficient to justify the submission, and whether the defendant's motion for a nonsuit should not have been granted. That is the substantial point presented on this appeal.

The plaintiff had been employed in this department of the city for a great number of years, having first gone to work in 1871 as a helper and laboring man, and was appointed foreman in 1872. In 1887 or 1888 his wages were fixed at $5 a day, and he was allowed in addition thereto $2.25 a day for the keep of a horse and wagon. He was in charge of what was known as the emergency gang, whose principal duty was to repair any leaks or breaks that might occur in the water

pipes in his district of the city. The regular hours of work were from eight in the morning to five in the afternoon ; but the plaintiff, as he testifies, was on duty for the whole twenty-four hours ; that is to say, he was liable to be called at any time, day or night, to repair a break in the pipes or cut off the water from the broken main, for which purpose he would get together some of his gang and attend the scene of the accident. It is for the time spent in such work after hours that the plaintiff claims pay, and this claim is based not on any express contract, but on the theory that the law implies a contract from the circumstances under which the services were rendered, or at least that the jury might so find. We think that the circumstances conclusively negative any such implication. While the statutes regulating the period of labor on public work fixed the standard of a·day's work at eight hours, they authorized the employment for a greater time in case of emergency. The plaintiff's duties were largely of the emergency character, and his employment to discharge those duties, though involving at times work for more than eight hours a day, was entirely legal. The question is, what was the contract to.be implied from the course of dealings between the parties as to his compensation for such services ? Was he to get a fixed wage for eight hours' work and then additional pay for the various periods of overtime his duty might require, or was his compensation to cover all the work he might perform, regardless of how the period of labor might vary on different days ? Either method of compensation was proper and legal. To determine which was actually adopted it is only necessary to refer to the mode of payment. For a dozen years before the plaintiff made any claim upon the city for extra work, he, as foreman, made out the time sheets for the work of all the men in his gang, including himself. When any of the laborers worked overtime the plaintiff credited him with such work. This was proper, for the gang consisted of about thirty-five men, and in case of accidents to the mains only a few were called out on each occasion. In these time sheets the plaintiff never credited himself with the overtime,

but he did allow himself wages for every day in the year, including Sundays and holidays. Payrolls were made from this sheet and on these rolls the plaintiff regularly receipted for the amounts received by him, " in full payment for services rendered in the capacity and for the period embraced in this payroll." In *McCarthy* v. *Mayor etc. of N. Y.* (96 N. Y. 1), where the plaintiff, having been employed at $2.50 a day, and labored ten hours, sued for compensation for the additional two hours, it was held that his acceptance of pay for his services at regular intervals showed conclusively that the compensation so paid was all that was intended to be paid. So also in *Ryan* v. *City of New York* (177 N. Y. 271) where the plaintiff in the employ of the city sued for the difference between the prevailing rate of wages and the amount which had actually been paid to him, it was held that his receipt from time to time during a period of six years of the wages paid to him without protest, waived any claim he might have had to insist that he should be paid at a greater rate. The case now before us is stronger for the defendant. *First,* the plaintiff himself made out the time sheets on which the payrolls were based; *second,* he was paid for Sundays and holidays, on which he worked for no definite time, and if at all only on emergency work. It is entirely clear that the increased rate of daily pay and payment for days on which no work may have been done were intended to compensate the plaintiff for all the services that he had rendered.

Nor was there anything in the conversation between the plaintiff and the engineer of the water department to limit the effect of this course of business on the plaintiff's claim. Concededly, the engineer had no power to fix the plaintiff's rate of pay. That matter belonged to the head of the department. The plaintiff testified that he asked the engineer about his being paid for overtime seven or eight years before the commencement of the suit, to which the engineer replied that he had no authority to pay it, that he would not be able to do anything for the plaintiff in the way of such payment. He

said that there had been a suit brought by one Gorman against the city, and that the plaintiff should await the result of that. It appears that Gorman did succeed in his litigation with the city, but that fact has no bearing on the present suit. The engineer told the plaintiff explicitly that he had no power to pay him overtime, and in this statement he was concededly correct. His opinion as to the effect of the Gorman suit on the rights of the plaintiff was clearly without the scope of his duties and could in no way bind the city.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.