## BYRNES v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 12, 1912.)

1. MUNICIPAL CORPORATIONS (§ 220*)—EMPLOYÉS—SALARY.

A bricklayer employed by a city at an annual salary, who continued at work more than five years at the salary designated, monthly receipting the pay rolls without protest, and performing other work than that of bricklaying during most of the time, established a contract at the rate designated, and was a waiver of Laws 1897, c. 415, § 3, as amended by Laws 1899, c. 567, requiring the wages to be not less than those prevailing in his occupation, notwithstanding any formal protests made by him to deputies and subordinates.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

2. MUNICIPAL CORPORATIONS (§ 220*)—EMPLOYÉS—ACCEPTANCE OF COMPENSATION—PRESUMPTIONS.

That an employé for more than five years accepted monthly payments and signed monthly pay rolls without protest created a presumption that the payments were intended to be in full for all services previously performed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Stephen T. Byrnes against the City of New York. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Frederick W. Sparks, for appellant.

Terence Farley (George H. Cowie, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff alleges that he was employed as a bricklayer in the fire department by the fire commissioner of the city of New York on the 21st day of July, 1903, and that he continued in such employment until the 31st day of December, 1908. He claims that during that time he has received considerably less compensation than the prevailing rate of wages in that occupation, in violation of the provisions of section 3 of the Labor Law (chapter 415, Laws of 1897, as amended by chapter 567, Laws of 1899), and sues to recover the difference between the compensation received by him and the prevailing rate of wages, amounting to $4,177.20. The learned trial justice at the conclusion of the trial dismissed the complaint on the merits, on the ground that the evidence established that the plaintiff had waived any right to the larger compensation. I think that the facts sustain that conclusion.

At the time of his appointment the plaintiff's salary was fixed at the yearly sum of $939. He accepted that amount during the entire time of his employment (more than five years) and receipted the monthly pay rolls without protest. It is conceded that during all that time he worked only 50 days as a bricklayer. With the exception of those 50 days, he worked as a superintendent or acting inspector of buildings in the defendant's building bureau, and also performed such work, other than bricklaying, as was assigned to him from time to time. He claims that he did not know at the time of his appointment that his salary had been designated at a sum less than the prevailing rate of wages. He admits, however, that he learned the amount of salary designated, either on the day of his appointment or the following day, by looking at the document fixing the salary. Five days after his appointment, he made a protest regarding the salary to the deputy fire commissioner for Brooklyn and Queens, who told him to continue his work and "he would try to have it fixed up." During the time of his employment, he made various protests to certain deputy commissioners and superintendents, but never protested to the fire commissioner with whom the charter placed the power of appointment and removal (Charter of the City of New York, § 779), or to the disbursing officer for the city at the time the salary was paid to him. The salary designated at the time of his appointment was an annual one, payable to him regardless of the amount of work performed. Had he been employed at the prevailing rate of wages, he would have been paid upon a per diem basis for work actually performed.

[1] I think that the plaintiff's continuance in the discharge of the duties assigned to him during more than five years at a salary desig-

nated at the time of his employment and concededly known to him within a day thereafter, his monthly receipting of the pay rolls without protest, and his performance of work other than that of bricklaying, during most of the time in question, establish a contract at the rate designated in the certificate of employment, and that such protests as were made to deputies and subordinates were ineffectual to destroy the effect of his acts or to preserve any right he may have had to receive the rate of wages prevailing in the bricklaying trade. It would seem quite obvious that he chose the certainty of an annual salary, payable regardless of the nature and amount of the work performed, in preference to the uncertainty of a higher per diem wage, dependent upon the amount of time he was actually engaged at work.

In Ryan v. City of New York, 177 N. Y. 271, 69 N. E. 599, it was held that the statutory right to the prevailing rate of wages may be waived, and that an acceptance of a lesser rate, without protest during six years, constituted such waiver.

In McCarthy v. Mayor, etc., of N. Y., 96 N. Y. 1, 48 Am. Rep. 601, it was held that the acceptance by the plaintiff at regular intervals of his pay from the city showed conclusively that such pay was in full for the services performed and barred a recovery for compensation for extra hours of employment.

In Grady v. City of New York, 182 N. Y. 18, 74 N. E. 488, the McCarthy Case, supra, was cited with approval, and the court held that the fact that the employé protested regarding his salary to an officer connected with the department in which he was employed, and was told to await the result of a litigation with the city on a similar claim, was immaterial when such official had no authority to pay for overtime.

In Clark v. State, 142 N. Y. 101, 36 N. E. 817, cited by the learned counsel for the plaintiff, there was no contract, either express or implied, at the beginning of the claimant's employment fixing a compensation less than the statutory rate.

[2] The learned counsel for the plaintiff contends that there is no evidence in the case warranting a finding that the monthly payrolls signed by the plaintiff contained a provision that the sum disbursed was in full payment of plaintiff's services. The record on appeal does not contain a copy of any of the pay rolls, nor do any of them appear to have been offered in evidence. For that reason this court is not at liberty to assume that the pay rolls contained a provision stating that the sums paid the plaintiff were in full payment for his services. The evidence, however, shows that during the years of his employment the plaintiff accepted monthly payments and signed monthly pay rolls without protest, and such evidence, in the absence of any explanation or qualification, creates a presumption that the payments were intended to be in full for all services previously performed. The language of Mr. Justice Houghton, in Bannister v. City of New York, 40 Misc. Rep. 408, 411, 82 N. Y. Supp. 244, affirmed 96 App. Div. 625, 88 N. Y. Supp. 1091, is pertinent:

"I do not think it is important whether the plaintiff knew the heading to the pay roll which he signed each week or not. He knew that he was receiving his pay for the services performed by him for the preceding week.

Where the payment of wages or rent is made from week to week, or month to month, the law raises a presumption not only that it is in full, but that all previous payments have been made. In addition to this, the plaintiff continued to work at the reduced time from day to day after being notified that three-quarters time was all he would be permitted to labor. It is true that he protested against it, and said that it was not fair, but still he accepted the situation and acquiesced in the action of the commissioner by continuing in the employment."

The judgment should be affirmed. All concur.