## ROBINSON v. CITY OF PERRY.

No. 2774.   Opinion Filed February 11, 1913.

(130 Pac. 276.)

**MUNICIPAL CORPORATIONS—Payment of Laborers—"Emergency"—Eight-Hour Day.** The proviso contained in section 4057, Comp. Laws 1909 (Act March 22, 1909 [Laws 1909, c. 39, art. 4]), is an "emergency" measure; and it is not contemplated thereby that a man employed by a city as an engineer at its waterworks plant should recover for extra time over eight hours provided for therein, where the same is devoted by him to performance of his ordinary and usual duties.

(Syllabus by the Court.)

*Error from Noble County Court;*
*L. B. Robinson, Judge.*

Action by Harry M. Robinson against the City of Perry. Judgment for defendant, and plaintiff brings error. Affirmed.

*Chas. R. Bostick,* for defendant in error.

*George G. Graham,* for plaintiff in error.

DUNN, J.   This case presents error from the county court of Noble county. From the petition and evidence it appears plaintiff in error was employed as an engineer at the waterworks plant of the city of Perry, his service beginning on the 1st day of June, 1910; that during the period of his said employment, by reason of the fact that no one was provided to relieve him, he was compelled to remain and render service for twelve hours each day, instead of eight hours, as provided for by section 4057, Comp. Laws 1909 (Act March 22, 1909 [Laws 1909, c. 39, art. 4]); that on leaving the employ of the city he presented his verified claim to the city council for the amount due him for the time served in excess of eight hours per day, which was by the council rejected, and recovery was denied in an action therefor in the county court. The case has been prosecuted to this court to secure a review of the judgment rendered.

The statutes involved (sections 4057, 4058, Comp. Laws 1909) read as follows:

"Section 4057. Eight hours shall constitute a day's work for all laborers, workmen, mechanics, prison guards, janitors of public institutions, or other persons now employed or who may hereafter be employed by or on behalf of the state of Oklahoma, or by or on behalf of any county, city, township or other municipality of this state, except in cases of extraordinary emergency which may arise in time of war, or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life: Provided, that in all such cases the laborers, workmen, mechanics or other persons so employed and working to exceed eight hours per calendar day shall be paid on the basis of eight hours constituting a day's work: Provided, further, that not less than the current rate of per diem wages in the locality where the work is performed shall be paid to laborers, workmen, mechanics, prison guards, janitors in public institutions, or other persons so employed, by or on behalf of the state of Oklahoma, or any county, city, township, or other municipality of said state; and laborers, workmen, mechanics, or other persons employed by contractors or subcontractors in the execution of any contract or contracts within the state of Oklahoma, or within any county, city, township, or other municipality thereof, shall be deemed to be employed by or on behalf of the state of Oklahoma, or of such county, city, township, or other municipality thereof.

"Sec. 4058. All contracts hereafter made by or on behalf of the state of Oklahoma, or by or on behalf of any county, city, township, or other municipality of said state, with any corporation, person or persons, for the performance of any public work, by or on behalf of the state of Oklahoma, or any county, city, township, or other municipality, shall be deemed and considered as made upon the basis of eight hours constituting a day's work; and it shall be unlawful for such corporation, person or persons, to require, aid, abet,, assist, connive at, or permit any laborer, workman, mechanic, prison guards, janitors in public institutions, or other person to work more than eight hours per calendar day in doing such work, except in cases and upon the conditions provided in section one of this act (4057)."

From the foregoing statement it will be seen that the construction of these statutes and their application to the plaintiff and the employment in which he was engaged is all that is presented to this court. The rights and remedies involved are purely

statutory.   Whatever relief plaintiff may be entitled to must be found within the written letter of the law, or be so clearly implied thereby that by construction the court could say that it was contained therein.   For a violation of the act in other cases than where it was due to an extraordinary emergency, or for the protection of property or human life, the same is made a misdemeanor; and wherever employees are engaged for an excess of time in the excepted instances they are entitled to increased pay. That the employment in this case was not induced because of any extraordinary emergency occasioned by war is certain, nor is any claim made thereon; but it is contended that the work in which plaintiff was engaged for more than eight hours was for the protection of human life and property, and that it was lawful for him to be employed for that period of time, and he was entitled to remuneration therefor.   Such a holding would involve a construction that engineers and other employees in and around waterworks plants, which are required to be ready for service at all hours of the day and night, were without the operation of this act.   There is nothing in the act to support such a construction.   The Legislature intended to punish employing public officers of the municipalities mentioned for compelling employees to work more than eight hours in the performance of their ordinary duties, and considered this penal provision to be sufficient; and that a right to pay for extra time arose when, for some reason beyond the control of the municipality, it was necessary, to protect life or property, to retain an employee for longer than the statutory period.   Such cases would arise where an engineer, whose duty it was to relieve plaintiff after his regular eight hours of work had expired, should get hurt or sick, or quit without adequate notice, so that another might be procured, or that the plaintiff, in the event of a breakdown of its plant, might operate the same while it was being repaired.   The proviso is to cover an emergency, and not contemplated to be called into exercise in the pursuit of a municipal employee's ordinary and usual duties.

From the view which we take of the act, therefore, the judgment of the trial court is affirmed.

All the Justices concur.