[Civil No. 3883.   Filed December 20, 1937.]

[75  Pac.  (2d)  42.]

CITY OF GLENDALE, a Municipal Corporation, Appellant, v. J. S. DIXON, Appellee.

Mr. C. A. McKee and Mr. Allan K. Perry, for Appellant.

Mr. L. C. McNabb, for Appellee.

McALISTER, C. J.—This is an action by J. S. Dixon to recover $976.00, the balance alleged to be

due him by the City of Glendale for services rendered that municipality, and from a judgment in his favor for $469.50 the defendant city appeals.

The plaintiff alleges that he entered the employ of the defendant March 1, 1933, as a manual or common laborer in its water department and worked for it until July 1, 1934; that under the minimum wage law and the minimum wage scale fixed by the Arizona Highway Commission he was entitled to fifty cents an hour, or $4 for a day of eight hours; that during these sixteen months he worked 5,952 hours because he was required on many occasions to work in excess of eight hours per day; that it was necessary for him to do this to protect property since the defendant procured from the Salt River Valley Water Users' Association in large quantities known as "heads" its irrigating water which had to be used in its entirety to be kept under control and to prevent it from flooding and destroying property; that during this period he earned $2,976 but received from the defendant on account thereof the sum of $2,000 and no more; that there is now due him from the defendant the sum of $976 with interest; that before instituting this suit he filed with the defendant a written demand for the payment of $976, but the defendant neglected and refused to pay the same or any part thereof, or to allow, audit or order the said claim to be paid.

After demurring generally, the defendant city filed an answer in which it admitted the employment of plaintiff and the payment of $2,000 for his services, denied every other allegation in the complaint, and alleged that a part of his cause of action accrued more than one year prior to the filing of his complaint. It pleaded further by way of affirmative defense, that defendant, by resolution, entered into a contract of employment with plaintiff as superintendent of its irri-

gation department at a monthly salary of $125; that plaintiff accepted the position, performed the duties thereof until June 30, 1934, and demanded and receipted for $62.50 twice each month during this period without making any claim that it was other than full compensation; that he knew when he accepted the position that he was not, under his contract, required to work any specific number of hours per day, and at no time during his employment did he report to defendant the number of hours he devoted to his work during any day or month.

The evidence discloses that plaintiff was employed by the defendant city as a manual or common laborer in its irrigation department from March 1, 1933, to June 30, 1934, and that he received a salary of $125 a month, or a total of $2,000 for these sixteen months; that during the period from September 15, 1933, to July 1, 1934, he worked on an average of twelve hours a day for twenty-eight days a month, or a total of 266 days; that he did this because it was necessary in order to care for the irrigating water which was delivered to the defendant by the Salt River Valley Water Users' Association in large "heads" which had to be carefully looked after to prevent flooding and to protect property; that the city received water usually every ten days in summer and less frequently in winter and that plaintiff worked sometimes twenty-four hours a day when irrigating and many times twelve hours a day or more at that and other work, such, for instance, as tiling its ditches; that the schedule *per diem* wages fixed by the Arizona Highway Commission for those doing manual or mechanical labor for the state or any of its political subdivisions is fifty cents an hour for eight hours per day. Basing its judgment upon these facts, the court held that plaintiff was entitled to fifty cents an hour for all the time he had worked during this period in excess

of eight hours per day, but since the liability of the defendant was one created by statute he could recover only that portion of it that was not barred by the one-year statute of limitations. *City of Phoenix* v. *Drinkwater,* 46 Ariz. 470, 52 Pac. (2d) 1175. Thereupon judgment for plaintiff in the sum of $469.50 with interest was rendered and the defendant has appealed.

The statute on which the plaintiff relies and the trial court acted in rendering its judgment is section 1350 of the Revised Code of 1928, as amended by chapter 12, section 1, Session Laws of the Eleventh Legislature, 1933, reading as follows:

"Section 1. That Sec. 1350 of the Revised Code of 1928 is hereby amended to read as follows:

"Sec. 1350. Hours of labor on public work; Wages. Eight hours, and no more, shall constitute a lawful day's work for all persons doing manual or mechanical labor employed by or on behalf of the state, or of any of its political subdivisions, except in an extraordinary emergency, in time of war, or for the protection of property or human life; in such cases the persons working to exceed eight hours each day shall be paid on the basis of eight hours constituting a day's work. Not less than the minimum *per diem* wages fixed by the state highway commission for manual or mechanical labor performed for said commission or for contractors performing work under contract with said commission, shall be paid to persons doing manual or mechanical labor so employed by or on behalf of the state or any of its political subdivisions."

A number of errors are assigned, but, as we view them, numbers six and seven are decisive of the case and a consideration of the others is unnecessary. The first of these is that the court erred in rendering judgment for the plaintiff, because there was no proof of any emergency justifying plaintiff in working more than eight hours per day. It will be observed that under the foregoing section eight hours and no more constitute a day's work for all persons doing manual

or mechanical labor for the state or any of its political subdivisions, *"except in an extraordinary emergency, in time of war, or for the protection of property or human life,"* and that "in such cases [emergencies] the persons working to exceed eight hours each day shall be paid on the basis of eight hours constituting a day's work." The amendment of 1933 made it mandatory upon the state and its political subdivisions to pay their employees performing manual or mechanical labor at least the minimum *per diem* wages fixed by the Arizona Highway Commission for that class of labor, but under section 1350, as amended, this could be done for only eight hours a day, unless an extraordinary emergency, as, in time of war, or for the protection of property or human life, arises, making it necessary that they work longer than eight hours. The controlling question, therefore, is whether within the meaning of this statute the evidence shows an emergency which, according to Webster's New International Dictionary, is "An unforeseen combination of circumstances which calls for immediate action; also, less properly, exigency," or, according to its synonyms, a "crisis, pinch, strait, necessity."

To show that the work he performed for appellant constitutes an emergency appellee relies on the fact that irrigation water was delivered to appellant city in large volumes called "heads" every ten days in summer and less frequently in winter and that it was necessary for him to look after it sometimes as much as twenty-four hours a day and hardly ever less than twenty hours to protect property. That is, he contends that he was required to irrigate for appellant in excess of eight hours a day for a number of days each month in order that the big "head" of water delivered to it should be kept from damaging and flooding the property of its residents. That the water required continuous and careful attention until the area to be

covered by it had been irrigated did not constitute an emergency, because that brought about no unforeseen combination of circumstances calling for immediate action on his part but merely constituted the work he performed regularly a number of days each month. The fact that he was on duty on an average of more than twelve hours a day for twenty-eight days a month, or a total of 266 days, from September 15, 1933, to June 30, 1934, and that his hours in excess of eight were demanded by his duties as an irrigator, demonstrates beyond question that both he and the city knew that it would be necessary from day to day until an irrigation was over for someone to look after the water continuously, and, this being true, it follows that no emergency within the meaning of the minimum wage law could have been thereby created. It would have been different if, for instance, one whose duty it was to relieve appellee at the end of an eight-hour day had become suddenly ill or for some good reason failed to appear, thus rendering it necessary that he continue to look after the water until someone could take his place. That would have been an unforeseen combination of circumstances calling for immediate action on his part and constituted an emergency entitling him to pay for the hours he worked in excess of eight.

Assignment number seven is that the court erred in rendering judgment for appellee because there was no proof of any agreement between the parties warranting recovery for overtime work. Appellee had alleged in a second cause of action that he and the city, through the superintendent of its water department, had entered into an agreement on March 1, 1933, that if he would work as many hours a day in excess of eight as were necessary to care for the work, he would be paid fifty cents an hour for the extra time, but there is an entire absence of proof of this allega-

tion.  Whether he was unable to substantiate it or concluded that he could not recover under it if it were established, does not appear, but this is immaterial, for even though he could have proved that he had worked in excess of twelve hours a day for 266 days under such an agreement, he would not have been entitled to judgment for the extra four hours, because section 1350, as amended, provides that eight hours a day and no more constitute a day's work for those performing manual or mechanical labor for the state or any of its political subdivisions, except in case of an emergency.  This means that it would have been unlawful in the absence of an emergency to use the funds of appellant, a political subdivision of the state, to pay the same individual for more than eight hours work a day.  It was clearly intended by this provision that no manual or mechanical laborer should ever work longer than eight hours a day for the state or any of its political subdivisions, unless an emergency should arise and require it, and that none of these units of government should either permit him to work in excess of that time, or use their funds to pay him therefor.

The judgment is reversed and the cause remanded with direction that further action in the case be in accordance with the views herein expressed.

ROSS and LOCKWOOD, JJ., ·concur.