[No. 27497. Department Two. July 6, 1939.]

THE STATE OF WASHINGTON, *on the Relation of Charles A. Hartzell et al., Respondents,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

[1]Reported in 92 P. (2d) 199.

*A. C. Van Soelen, John E. Sanders,* and *Tom M. Alderson,* for appellants.

*Kahin, Carmody, Schramm & Kellogg, John F. Walthew,* and *L. Presley Gill,* for respondents.

SIMPSON, J.—This is an action in mandamus to compel the city of Seattle to pay additional compensation of one-half day's pay for work on Sundays and holidays performed by respondents during the three years prior to the commencement of the action.

In their application for a writ of mandate, respondents allege that they are regular employees of the city of Seattle, holding positions of linemen in the department of lighting; that certain ordinances of the city of Seattle fix their compensation at a definite daily wage with provisions for payment of additional pay for work on Sundays and holidays; and that, for more than three years last past, they have been ordered to work on Sundays and holidays, for which work they have not been paid the extra compensation fixed by ordinance.

Appellants in their answer denied that any pay was due to respondents for overtime work on Sundays and holidays.

As an affirmative defense, appellants allege that, for many years last past, respondents have been employed as linemen in the trouble division of the department of lighting, which operates every day throughout the year on a twenty-four hour daily schedule in order to furnish uninterrupted service to the users of electricity; that the respondents work on a rotating schedule prepared in advance to inform them of the Sundays and holidays on which they will work; that operation

under such a schedule is in accordance with the general practice and custom in the electrical business, which maintains crews or employs workmen to furnish continuous service throughout the year; and that, in harmony with the general practice and custom in the electrical business and in other businesses, both public and private, the workmen perform their services on Sundays and holidays at the regular rate of pay when those days are included in their weekly shift.

It is further alleged that the respondents worked on Sundays and holidays at the regular rate of pay without demanding any additional compensation therefor; that semi-monthly during the years of 1927 to the date of the commencement of the action, respondents, without protest or demand, accepted and cashed warrants on the city light fund at the regular daily rate of pay, and signed the payrolls therefor in full compensation for all services rendered. Appellants also pleaded that respondents were estopped from receiving the additional compensation demanded by reason of their laches.

The reply put in issue the allegations contained in appellants' affirmative answer. Trial was had to the court, and a judgment entered in favor of respondents. The city has prosecuted this appeal, and urges as errors the holding of the appellants liable for overtime for the three year period prior to commencement of this action, and in the refusal to hold that respondents were estopped by reason of their own laches from bringing the action.

The facts are not disputed and may be summarized as follows: The pertinent sections of the annual salary ordinances of the city of Seattle for the years 1935 to 1938, inclusive, provide:

"(a) No person holding a position in the service of the city shall receive compensation for services ren-

dered over the time required for such position nor compensation when absent from duty except as otherwise provided herein.

"(b) Provided that whenever any person holding a position, the compensation for which is herein fixed at a rate or rates per day shall be ordered to and shall work on holidays or Sundays or work over eight hours on any day because in the opinion of the head of the department in which such person is employed, such work is urgently necessary, and its non-performance will cause loss or damage to the city, or an extraordinary emergency exists, such person shall be paid time and one-half for such overtime work, provided that any such additional compensation shall be separately itemized on the pay roll."

During the three year period just prior to the beginning of this action, respondents were employees of the trouble division of the city's municipal light and power plant, and were employed on the basis of regular weekly shifts of five eight-hour days. Some of the respondents worked on a rotating schedule, which included work on Sundays and holidays, and some worked substantially every Sunday. The work on Sundays and holidays was not in addition to the five days' work each week, but was included in the five days' employment. The work performed by respondents on Sundays and holidays was partially emergency work done to keep the system in good working condition and to care for the immediate needs of the customers of city light. Respondents were ordered to work on Sundays and holidays by their superiors.

The amounts due the workmen, if their claims for time and one-half for Sundays and holidays are allowed, are not denied by the city.

Appellants contend that, under the provisions of the ordinances, the respondents are not entitled to time and one-half pay for Sundays and holidays unless

the workman works his five days during the week and then works a Sunday or holiday as an extra day.

Three cases, *Robinson v. Perry*, 35 Okla. 475, 130 Pac. 276; *Glendale v. Dixon*, 51 Ariz. 86, 75 P. (2d) 42; and *Grady v. New York*, 182 N. Y. 18, 74 N. E. 488, are cited as upholding appellants' contention. In each case the court held that the employee was not entitled to additional compensation for time worked in addition to the eight hours defined by the statute as a day's work.

In *Robinson v. Perry, supra,* the statute under consideration did not provide for additional pay for overtime

" '. . . except in cases of extraordinary emergency which may arise in time of war, or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life.' "

The court decided against the claim for overtime on the ground that the work performed by the workman as overtime did not come within the classification fixed by the statute for the payment of an additional amount.

The statute construed in *Glendale v. Dixon, supra,* was similar to the statute mentioned in the last case cited, and the court held that the overtime work performed was not within the meaning of the extraordinary emergency contemplated by the statute.

The plaintiff, in the case of *Grady v. New York, supra,* was in charge of an "emergency gang," whose principal duty was to repair any leaks or breaks which might occur in the water pipes in his district of the city. The court held that there was no implied contract on the part of the city for payment of the time in excess of the eight hours mentioned as a regular day's work, and the compensation agreed upon covered payment for all overtime.

It will be observed that the statutes construed in the cited cases are entirely different from the Seattle ordinance, in that the ordinance makes a definite provision for time and one-half pay for work done on certain days. In addition, it is apparent that a substantial amount of the work in question done on Sundays and holidays was urgently necessary, and its nonperformance probably would have caused loss and damage to the city. While some of the work done by respondents on Sundays and holidays was not urgently necessary, still it was imperative that they be on duty in readiness to take care of unforeseen contingencies requiring immediate attention. Under these circumstances, it is clear that respondents were engaged in work of such an urgent nature as to be brought within the terms of the above-mentioned ordinances, thereby entitling them to time and one-half for work done on Sundays and holidays.

We have held that a city or county employee may recover for unpaid wages or salary in those cases in which the law fixes a definite wage and a less sum has been paid by the municipal corporation, if action be instituted within the time fixed by the statute of limitations. *Rudnick v. Pierce County,* 185 Wash. 289, 54 P. (2d) 409; *State ex rel. Ross v. King County,* 191 Wash. 340, 71 P. (2d) 370; *State ex rel. Bradford v. King County,* 197 Wash. 393, 85 P. (2d) 670; *Chatfield v. Seattle,* 198 Wash. 179, 88 P. (2d) 582.

Respondents were employees of the city of Seattle, and their compensation was fixed at a certain rate per day, and they, in obedience to the orders of their superiors, worked on Sundays and holidays in employment which the heads of the department of lighting decided was urgently necessary in order to obviate loss to the city. It may be, of course, that the city council did not intend to pay extra compensation for Sunday or holi-

day work unless the employee worked those days in addition to the five week days. However, we must construe the ordinance in accordance with its stated provisions. If the city does not wish to pay time and one-half for Sundays and holidays unless such days are in addition to the five week days, it may so provide by amending the ordinance.

■ Appellants contend that respondents are estopped to receive additional compensation for the reason that they did not demand pay for the extra time and accepted the amounts paid by the city; that they were not diligent in protecting their asserted rights for a period of seven years; and that they lulled appellants into the belief they would not be subject to suit. The cases of *State ex rel. Buchanan v. Seattle,* 171 Wash. 113, 18 P. (2d) 3, and *State ex rel. Ausburn v. Seattle,* 190 Wash. 222, 67 P. (2d) 913, 111 A. L. R. 418, are cited in support of their contention. These cases, however, on their facts, are not apposite, and we consider them not controlling here.

Respondents were not estopped to claim the amounts due them dating back a period of three years from the commencement of this action, for the reason that this action is not barred by the statute of limitations; and laches, in not making a demand at an earlier date, does not operate as an estoppel, since it is against the public policy of this state for employees of a municipal corporation to waive any part of their salaries as lawfully fixed. *Chatfield v. Seattle, supra.*

The trial court was correct in its interpretation of the ordinance, and the judgment is therefore affirmed.

BLAKE, C. J., BEALS, STEINERT, and GERAGHTY, JJ., concur.