FIRE DEPARTMENT DUTY WEEK A "duty week" has essentially the identical meaning of "work week", the law not creating any distinction thereto. Title 11 O.S. 337 [11-337] (1961), provides specific restrictions as to a "work" or "duty" shift, for municipal fire departments of cities with a population of ten thousand or more, 61 O.S. 3 [61-3] (1961), permitting a period in excess of eight (8) hours for municipal employees who work for the protection of property or human life. Accordingly, any such statutory time-period limitation would encompass only "ordinary and usual duties" and any time in excess thereto would constitute "overtime", the right to "overtime" being solely dependent upon the terms of the statute governing the pay of firemen. Therefore, municipalities of less than ten thousand population should follow the spirit of Section 337 in the enacting of local departments and any time in excess thereto would constitute "overtime". The Attorney General has considered your letter wherein you ask the following question: "Is there a difference between a duty week and a work week for a member of a municipal fire department in relation to the minimum wage law?" Attorney General Opinion No. 68-115 (2-21-68), held that 40 O.S. 197.2 [40-197.2] (1968), requiring a minimum wage of One Dollar ($1.00) per hour, does apply to compensated members of municipal fire departments in Oklahoma in circumstances which comply with the provisions of 40 O.S. 197.1 [40-197.1] — 40 O.S. 197.5 [40-197.5] (1968). Section 40 O.S. 197.2 [40-197.2] has been amended by House Bill No. 1173, 33rd Legislature, First Session, to read as follows: "It shall be unlawful to employ workers in any industry or occupation within the State of Oklahoma under conditions of labor detrimental to their health or morals; and it shall be unlawful to employ workers in any industry within the State of Oklahoma at wages which are not adequate for their maintenance; provided that, except as otherwise provided in this act, no employer within the State of Oklahoma shall pay any employee a wage of less than One Dollar and Forty Cents ($1.40) per hour on and after the effective date of this act." Therefore, as of July 1, 1971, the minimum wage in the State of Oklahoma is One Dollar and Forty Cents ($1.40) per hour of which is applicable to compensated members of municipal fire departments. The Attorney General understands that any differentiation between a duty week and a work week would be for purposes of determining "overtime". "Work week," is defined, within the Fair Labor Standards Act as a week during which work is performed, 29 U.S.C. § 207, Black's Law Dictionary 1780, 4th Ed. 1951. A "work week", under the Fair Labor Standards Act, is further defined as including all times in which an employee is necessarily required to be on the employer's premises and on duty or at a prescribed work place, Anderson v. Mt. Clemons Pottery Co., Mich. 1946,66 S.Ct. 1187, 328 U.S. 680 L.Ed. 1515. "On duty" being a synonym for "at work", Roget's International Thesaurus, 705.20 (3rd Ed. 1965), there appears to be no distinction between "work week" and "duty week". Title 29 U.S.C.A. 207, provides for maximum hours within the Fair Labor Standards Act, but 29 U.S.C.A. 203, excludes from said Act, ". ; the United States or any state or political subdivision of a state. The Wage and Hour Commission of Oklahoma, pursuant to 40 O.S. 197.11 [40-197.11] (1970), is charged with the duty of preventing the curtailment of opportunities for employment and thereunto, to provide for any individual employed by any state, county, city, town, municipal corporation or quasi-municipal corporation, political subdivision, or any instrumentality thereof The Commission, though, does not currently provide for maximum hours regulation. It is within the state's police power to regulate the number of hours constituting a day's work for laborers employed by or on behalf of the state or any municipality and to provide that the compensation therefor shall not be less than current wages for like labor as provided in 61 O.S. 3 [61-3] (1961), State v. Tibbetts,21 Okl. Cr. 168, 205 P. 776 (1922). Section 3 provides in part as follows: "Eight hours shall constitute a day's work for all laborers, work men, mechanics, prison guards, janitors of public institutions, or other persons now employed or who may hereafter be employed by or on behalf of the state, or by or on behalf of any county, city, township or other municipality, except in cases of extraordinary emergency which may arise in time of war, or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life. . . ." (Emphasis added) In Robinson v. City of Perry,35 Okl. 475, 130 P. 276 (1913), the Court, in construing the "proviso" of Section 3, said: ". . . wherever employees are engaged for an excess of time in the excepted instances they are entitled to increased pay. . . ." The Court goes on to say: "The proviso is to cover an emergency, and not contemplated to be called into exercise in the pursuit of a municipal employee's ordinary and usual duties." (Emphasis added) Municipal firemen, then, being scheduled in work shifts in excess of eight hours per calendar day "for the protection of property or human life," would be entitled to increased pay only where such shift is not in pursuit of a fireman's ordinary and usual duties. Title 11 O.S. 337 [11-337] (1961), generally restricts the duty hours of municipal firemen in cities over ten thousand population. Section 337 provides: "In all cities, towns and villages of ten thousand or more population, as shown by the last federal census and all subsequent federal censuses, which maintain or may hereafter maintain an organized, paid or part paid fire department, no employee of such department shall be compelled to be on duty more than ten consecutive hours during the day time, nor more than fourteen consecutive hours during the night time; provided, that in no event shall employees of such fire departments be required to be on duty more than fourteen hours in any period of twenty-four consecutive hours, except as provided in Section 2 of this Act." (Emphasis added) It is clear, then, that municipal firemen in a city of ten thousand population or more are permitted to work a maximum regular duty shift of fourteen hours in any one twenty-four hour period except in emergency situations as provided for by 11 O.S. 338 [11-338] (1961). " Overtime" means "beyond the regular fixed working hours", Goodman v. Moss, 43 N.Y.S. 2d 381, 385. Any ordinary and usual work shift, regardless of the number of hours involved, would not therefore constitute "overtime", such not being an incident occurring at irregular and unplanned intervals, Vogt v. City of New Orleans, La. App. 208 So.2d 420,422. Therefore, "overtime" would not be applicable where the work is ordinary and usual commensurate with the occupation. In a city of less than ten thousand population, there exists no provision by law restricting work hours. 11 O.S. 340 [11-340] (1961), does provide that: "The governing body of any municipal corporation is hereby authorized to enact such ordinances or resolutions as may be necessary to establish and operate a fire department. . .and otherwise to carry out the provisions of this act." There being no statutory restriction on municipal firemen's work hours for cities of less than ten thousand population, absent a local ordinance so providing, it would appear logical that such city should follow the spirit of 337 and in doing so, (whereby a regular duty shift is so established by local legislation) "overtime" would only be applicable where time was accumulated in excess of that which is "ordinary and usual." The right of a fireman to receive overtime pay, and the amount to which he is entitled, is solely dependent upon the terms of the statute governing the pay of the fireman, City of Temple v. Brown, Tex. Civ. App. 383 S.W.2d 639. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: A "duty week" has essentially the identical meaning of "work week", the law not creating any distinction thereto. Title 11 O.S. 337 [11-337] (1961), provides specific restrictions as to a "work" or "duty" shift, for municipal fire departments of cities with a population of ten thousand or more, 61 O.S. 3 [61-3] (1961), permitting a period in excess of eight (8) hours for municipal employees who work for the protection of property or human life. Accordingly, any such statutory time-period limitation would encompass only "ordinary and usual duties" and any time in excess thereto would constitute "overtime", the right to "overtime" being solely dependent upon the terms of the statute governing the pay of firemen. Therefore, municipalities of less than ten thousand population should follow the spirit of Section 337 in the enacting of local legislation setting maximum work periods for municipal fire departments and any time in excess thereto would constitute "overtime". (Larry L. French)