CASE 27.—ACTION BY ELIZABETH DUNCAN AGAINST CITY OF BOWLING GREEN FOR DAMAGES FOR INJURY RECEIVED ON DEFECTIVE SIDEWALK.—Mach 8.

## City of Bowling Green v. Duncan

Appeal from Warren Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

Judgment for plaintiff, defendant appeals. Affirmed.

1. Municipal Corporations—Defective Sidewalk—Personal Injuries —Notice of Defect—A city is liable for injuries resulting from a defective sidewalk, though it had no actual knowledge of the defect, if by the exercise of ordinary care it might have had such knowledge.
2. Same—Ordinances—Validity—A municipal corporation has no power, in the absence of express statutory authority, to enact an ordinance requiring the presentation of claims against the city to the council before suit thereon.
3 Trial—Duplication of Instructions—Refusal to give an instruction, the substance of which is contained in an instruction given, is not error.
4. Damages—Excessiveness—Personal Injuries—Where a woman 53 years old fell through a defective sidewalk and injured a leg so that she was confined to her room for about twelve weeks and had to have the limb placed in a plaster cast, a verdict for $616 was not excessive.

J. G. COVINGTON, for appellant.

1. The court erred in sustaining a demurrer to the third paragraph of the defendants answer which pleads as a defense the following ordinance: "Any person having a claim against the city other than for salaries due officers or coupons on bonds issued by the city, shall present same in writing to the council or Board of Public Works, if same be within the jurisdiction of said board." Said ordinance is a mandatory provision and a condition precedent to the bringing of any lawsuit against the city.

City of Bowling Green v. Duncan.

2. A latent defect in a sidewalk which is not apparent, will not impute notice, and no actual notice of the defect before the injury was proven.

### AUTHORITIES CITED.

2 Vol. Smith's Modern Law of Municipal Corporations, section 914, 923, 4, 5, 6; 111 Michigan 454; 69 N. W. 67, Inre Dassent 2 N. Y. S. 609; Bukman v. Mayor, 41 N. Y. S. 990; 124 N. C. 310.

SIMS & GRIDER for appellee.

1. Section 279 of the City Code relied on by appellant, requiring claims to be presented to the city for payment before suit, is not a statutory enactment or charter provision, but an ordinance of the city council, and if it was passed as contended by appellant to regulate civil rights and prescribe when and under what condition the city might or might not be sued, it would be ultra vires and absolutely null and void.

2. The evidence shows that the city had notice of the defect in the sidewalk before the injury in ample time to have repaired it.

3. The verdict for $616 in favor of the plaintiff is fully sustained by the evidence of which the jury are the proper judges.

### CITATIONS.

Smith's Modern Law of Municipal Corporation, Vol. 2, section 917 and 1300; Ky. Stats. section 3237; Constitution, section 156 Amendments to Bowling Green City Charter, Acts 1889-90, Vol. 1, page 952; City of Wicliffe v. Moring 68 S. W. 641; City of Midway v. Lloyd 74 S. W. 195; City of Covington v. Johnson 69 S. W. 703; City of Louisville v. Johnson 69 S. W. 803.

OPINION BY JOHN D. CARROLL, COMMISSIONER—Affirmed.

The appellee instituted this action against the city of Bowling Green to recover $2,000 damages for injuries sustained by her on November 3, 1904, while walking along the plank sidewalk on Kentucky street in the city. Her cause of action is based on the fact

that a plank, in the plank walk the city had constructed over a large sewer, had become loose and insecure, and when she stepped on the plank it gave way and caused her to fall through the sidewalk, which was about 3 1-2 feet above the sewer, injuring her seriously. The petition contained all the necessary allegations to constitute a good cause of action. The answer, with the exception of the third paragraph, was practically a traverse of the petition. In the third paragraph it is averred that: "For the purpose of enabling it to investigate and settle, if possible, claims against the city without being required to pay any court costs, the board of common council enacted into law section 279 of the city code, which is as follows: 'Any person having a claim against the city, other than for salaries due officers, or coupons on bonds issued by the city, shall present same in writing to the council or board of public works, if same be in the jurisdiction of said board;' that said provision is a mandatory provision, and a condition precedent to the bringing of any lawsuit against the city; that it embraces all claims against the city, whether arising ex contractu, or ex delicto; that neither the plaintiff nor her counsel presented her claim to the city council for consideration in writing or otherwise, nor did defendant's counsel have any knowledge or information whatever, from any source, that the plaintiff had any claim, and for this reason the defendant insists that this action is premature and should now be dismissed." To this paragraph the court sustained a demurrer. The parties went to trial, and the jury returned a verdict in favor of the appellee for $616. From the judgment on this verdict, the city prosecutes this appeal, and

assigns as error the action of the lower court in
sustaining the demurrer to the third paragraph of
the answer, in refusing to give a peremptory
instruction, in giving and refusing instructions,
admitting incompetent evidence, and that the verdict
was excessive.

It appears from the evidence that the appellant is
a colored woman about 53 years old; that, when the
plank in the sidewalk broke or slipped from its proper
place, she fell partly through the plank walk, and was
helped out of her position by some persons passing
by and carried to her house; that her limbs and other
parts of her body were seriously injured and bruised;
that the attending physician placed her limb in plaster
of paris; and that she was confined to her bed about
eight weeks, and to her room about twelve weeks,
during all of which time she suffered considerable
pain, and will probably feel for many years the effects
of her injuries. Sufficient evidence was introduced
in support of the petition to authorize a submission
of the case to the jury, and, in view of the injuires
sustained by the appellee, it cannot be said that the
verdict is excessive. No serious objection is made
to the instructions given the jury, and indeed none
can be well made, because they presented fairly the
law of the case as adjudged by this court in several
cases. The appellant offered two instructions,
marked A and B, which were refused by the court.
Instruction A is not objectionable, but it was not error
to refuse it, as instruction No. 3 given to the jury by
the court was substantially the same as the instruction
refused. Instruction B offered by the appellant, and
refused, required the jury to believe from the evi-
dence, before they could find for appellee, that the city

"had knowledge of the defect in the sidewalk in time to have repaired the same before plaintiff was hurt." The rule in this State does not require that a city must have knowledge of defects in its streets in order to enable a person injured to recover damages caused by such defects. It is sufficient, if by the exercise of ordinary care the city might have known of the defects in time to have repaired them before the injury, and this view of the law was submitted to the jury in instruction No. 2. It does not appear from the record that any incompetent evidence at all prejudicial to the appellant was admitted.

The only remaining error relied on was the action of the court in sustaining the demurrer, to paragraph 3 of the answer.

Section 3237 of the Kentucky Statutes, in the charter of third class cities, provides in part that "each of said corporations shall have perpetual succession, shall have the right to sue and be sued, plead and be impleaded with, contract and be contracted with," and section 3290 invests the common council of cities of this class with power to enact ordinances upon a variety of subjects, describing in detail the matters concerning which it may legislate, but there is no provision giving to the council the right or authority to enact an ordinance prescribing the terms or conditions upon which persons having claims against the city shall proceed to enforce them, and in the absence of such legislative authority it was not within the power of the city to enact an ordinance of this character. We do not doubt the power of the legislature to provide in the charter that persons having claims against the city may be required to present them to the proper authorities before an

action can be instituted, in order that the city may, if the claim is meritorious, provide for its payment or make some satisfactory adjustment of it, and thereby avoid the costs of litigation, and provisions of this kind are contained in the charters of many cities in other States and in all cases that have come under our notice these provisions have been upheld by the courts; but, where the charter of a city, as in this case, gives the right to sue the city without previous demand, the council can not, by ordinance, impose any limitation upon this right. (Modern Law of Municipal Corporations by Smith, sections 914, 917. Dillon on Municipal Corporations, section 937).

The Judgment is affirmed.