[No. 23588. Department Two. April 8, 1932.]

MARION B. FOSNAUGH, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

*A. C. Van Soelen* and *Glen E. Wilson*, for appellant.
*Dwight N. Stevens,* for respondent.

MAIN, J.—The plaintiff, a civil service employe of the defendant city, brought this action for the amount

[1]Reported in 9 P. (2d) 1110.

which he would have earned during the time that he was wrongfully laid off from work. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that a recovery could be had. Judgment was entered in favor of the plaintiff for the sum of $2,475.75, from which the defendant appeals.

The facts essential to be stated are these: The appellant is a municipal corporation of the first class, and owns and operates a street railway. For some time prior to January 1, 1927, the respondent had been employed as an operator upon the cars on a regular run. He was entitled to and had a civil service standing of a regular city employe. The respondent served during the late war in the United States infantry, and was honorably discharged from the army.

January 1, 1927, the respondent was notified by the station master at one of the street car barns that he was laid off from his regular work on the cars, and within two or three days he complained to D. W. Henderson, the general superintendent of railways for the city, and was told to return in a few days. He did so, and was offered part time employment, which he refused, because he would not be able to earn enough in that employment to sustain himself and family. January 24, 1927, Henderson notified the civil service commission of the city, in writing, that the respondent "had been laid off from regular employment." The respondent was replaced on his regular run by another trainman who was not an honorably discharged soldier, sailor or marine who had served the United States in time of war.

The city, at all times between January 1, 1927, and August 25, 1928, retained in its service, on the street cars operated by it, a large number of trainmen on

regular runs and under regular employment who were not honorably discharged soldiers, sailors or marines entitled to the preference provided for by the city charter for such veterans. Section 6 of article 16 of the charter of the city, in part, provides that preference in employment shall at all times be given to "honorably discharged soldiers, sailors and marines of the United States who have served in time of war." In *State ex rel. Beebe v. Seattle,* 148 Wash. 565, 269 Pac. 850, it was held that that provision of the charter applied to layoffs as well as to employment.

It is first contended that the respondent should be denied recovery because he did not protest his layoff and demand an investigation within the time fixed in the city charter. Section 12 of article 16 of the charter, so far as here material, provides that

". . . every officer or employe in the classified civil service shall hold office until removed or retired. Any officer or employe in such service may be removed by the appointing power only upon the filing with the commission [civil service commission] of a statement in writing of the reasons therefor. Any officer or employe so removed may within ten days after his removal demand an investigation."

The trial court found, and the evidence shows, that the respondent, in person and by counsel, made complaint to the civil service commission, and was present at a meeting of the commission January 21, 1927, and again January 28, 1927, when the matter of his layoff from regular service was considered by the commission. At that time, his counsel called to the attention of the commission the provisions of the charter, and maintained that the respondent was entitled as a veteran of the late war to preference in employment at all times. The commission thereupon submitted the matter to the corporation counsel of the city for his

opinion, and that officer rendered an opinion in writing sustaining the position of the respondent, and informing the commission, in substance, that the respondent was entitled to a preference. The commission did not accept this ruling, and the respondent was not reinstated until subsequent to the time the decision of this court in *State ex rel. Beebe v. Seattle,* 148 Wash. 565, 269 Pac. 850, was rendered.

From what has been said, it appears that the respondent was present in person and represented by counsel January 28, 1927, and that the matter of his reinstatement was presented and referred to the corporation counsel for an opinion. There is no provision in the charter requiring the protest and demand for an investigation to be made in writing. January 28 was less than ten days after the civil service commission had been notified in writing by the superintendent of railways that the respondent had been laid off from regular employment. The protest and demand were in time, and the only investigation required, which was the legal effect of the charter provision, was referred to the corporation counsel for an opinion.

It is next contended that the judgment is for a greater amount than it should have been. It is suggested that it was the duty of the respondent to accept part time employment and thereby reduce the amount of the loss which he sustained, and that the amount awarded was greater than the respondent would have earned during the period for which he was laid off, for which recovery was allowed.

The amount which the trial court found the respondent would have earned during this period was amply supported by the evidence. The contention that the respondent should have accepted part time employment cannot be sustained, as this court has held other-

wise. In *Foster v. Hindley,* 72 Wash. 657, 131 Pac. 197, it was said:

"The respondent, although wrongfully deprived of his office, held himself ready and willing to perform his official duties. Hence, he is entitled to his salary for the period during which he was unlawfully separated from his office. *Bringgold v. Spokane,* 27 Wash. 202, 67 Pac. 612; *United States v. Wickersham,* 201 U. S. 390. The fact that he declined a temporary employment tendered by the city does not militate against the enforcement of this right. *Reising v. Portland,* 57 Ore. 295, 111 Pac. 377."

There is some suggestion that there is a difference between one holding what may be designated as an official position under civil service and one who is a mere employe. In *State ex rel. Allen v. Spokane,* 150 Wash. 542, 273 Pac. 748, 277 Pac. 999, after an exhaustive review of the previous decisions of this court on the question, it was said:

"We now hold that the better rule is that, where a civil service employee has been wrongfully separated from his employment by reason of the acts of the officers of a municipality, he can in all cases recover his wages from the municipality during such period of wrongful separation."

The respondent was entitled to recover the amount which he would have earned had he not been laid off from his regular work.

The judgment will be affirmed.

TOLMAN, C. J., MILLARD, HOLCOMB, and BEALS, JJ., concur.