[No. 24738. Department One. February 19, 1934.]

L. G. ALLARD, *Respondent*, v. THE CITY OF TACOMA, *Appellant*.[1]

[1]Reported in 29 P. (2d) 698.

*W. W. Mount, John E. Gallagher,* and *Bartlett Rummel,* for appellant.

*John M. Coffee,* for respondent.

MAIN, J.—This action was brought by a former civil service employee of the city of Tacoma for the determination of his rights to a particular position and for the recovery of the compensation attached thereto.

In the complaint, there were two causes of action, separately stated. The trial was to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to prevail upon his first cause of action, but not upon the second. Judgment was entered in favor of the plaintiff in the sum of $945, from which judgment the defendant city alone appeals.

The facts may be summarized as follows: The appellant owns and operates two hydro-electric power plants, one located at Lake Cushman and the other at La Grande. The respondent was an employee under classified civil service as a wireman, and was working at the Lake Cushman plant. November 30, 1931, on account of lack of work at that plant, he was laid off. One Arthur S. Reid, who had a classified civil service rating as a wireman, was employed at the La Grande plant under the classification of plant electrician. December 7, 1931, Reid's classification was changed to that of power plant operator. The work which he did under the latter classification was the same as he had done prior thereto and during all the time that he had been employed at the plant.

Immediately after the respondent's lay-off, he applied to the civil service commission of the city for work as a wireman, but was not able to obtain any. He also inquired with reference to the work that Reid was

doing at La Grande. As a result of his inquiry, the commission directed an investigation to be made as to the work that Reid had been, and was, under the later classification, doing. Reid's classification as a civil service employee was junior to that of respondent, and, if the work that he was doing was that of a wireman, the respondent was entitled to the position by reason of his senior standing.

April 5, 1932, the respondent filed a claim with the commission asserting his right to be employed at La Grande and for the compensation attached to the position there. The salary of a wireman had been fixed by the city council at $210 per month. This action was brought, as indicated, to obtain the position, and also for the salary attached thereto from December 1, 1931, until April 15, 1932.

The first question is whether the work that Reid was doing at La Grande was that of a wireman instead of a power plant operator, under his new classification. The nature of the work done, and not the name given the position, is the controlling feature and determines the rights of eligibles under civil service. *Petley v. Tacoma,* 127 Wash. 459, 221 Pac. 579. The trial court found:

"That the work performed by said Reid was at all times between December 1st, 1931, and April 15, 1932, that of wireman."

The evidence distinctly supports this finding. The respondent, having a senior civil service rating as a wireman, was entitled to the position and the salary attached thereto.

The next question is whether the respondent will be denied recovery for that portion of the salary of the position prior to the time of the filing of his claim, which, as appears, was April 8, 1932. Section

8977, Rem. Rev. Stat., provides that the legislative powers of any city organized under the provisions of the act shall be vested in a mayor and city council to consist of such number of members and to have such powers as may be provided in its charter. Section 133 of the charter provides that all claims for damages against the city, whether sounding in tort or arising out of contract, shall be presented in writing to the city council within sixty days of the date upon which such damages are claimed to have been sustained. That provision, however, does not apply where a salary has been fixed by law or ordinance, because the same is an adjusted claim and need not be adjudicated or audited. *State ex rel. Dudley v. Daggett,* 28 Wash. 1, 68 Pac. 340. The respondent was not required to file a claim under that charter provision.

Section 92 of the charter provides that the civil service commission shall make rules and regulations for the conduct of its business and to carry out and enforce the purposes thereof. In section 93, it is provided what the rules and regulations, among other things, may apply to, and there is therein separately stated twelve different matters. Nowhere in the charter is there any express provision or any language from which it could be inferred that the civil service commission had power to promulgate a rule to the effect that no civil service employee would be entitled to any claim for salary from the city for the period prior to the date of the filing of such claim. The civil service commission adopted what is referred to as Rule 40, wherein, among other things, it is provided:

"But such person shall not be entitled to any claim for salary from the city for the period prior to the date of filing of such claim."

The commission, not having been authorized by

charter, either expressly or by language which would necessarily imply the power, was without authority to make the rule. 44 C. J. 1462; *Alabama City, G. & A. Ry. Co. v. Gadsden,* 185 Ala. 263, 64 So. 91; *Globe v. Rabogliatti,* 24 Ariz. 392, 210 Pac. 685; *Bowling Green v. Duncan,* 122 Ky. 244, 91 S. W. 268. The commission having no authority to make that part of the rule here involved, the respondent was not required to file a claim, as therein provided, as a prerequisite to the establishing of the liability of the city. Whether the power to make such a rule could be conferred upon the civil service commission, is a question which is not here involved, and we express no opinion thereon.

It is said, however, that the respondent waived his rights by failure to demand an investigation of his lay-off within a reasonable time. But we find no merit in this contention. Immediately after he was laid off at the Lake Cushman plant, he applied to the commission for work, made inquiry as to the work Reid was doing at La Grande, and later, as the result of his insistence, an investigation was made of that position at La Grande, from which it appeared that the work which Reid was doing was that of a wireman, and that the respondent, having a senior rating, was entitled to the position.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.