[No. 24927.   Department One.   May 28, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Marion F. Jackson, Respondent*, v. THE CITY OF SEATTLE *et al., Appellants*.[1]

*A. C. Van Soelen* and *Glen E. Wilson*, for appellants. *William R. Bell*, for respondent.

MITCHELL, J.—This action was commenced to bring about the restoration of Marion F. Jackson as a civil service employee to the position of "houseman" in the department of health and sanitation of the city of Seattle, and to recover the salary incident to the employment during the period of separation. The defendants have appealed from a judgment in favor of plaintiff in each of his alleged rights.

[1]Reported in 32 P. (2d) 1065.

The findings, in substance, are as follows: Seattle is a city of the first class, and the other appellants are civil service commissioners of the city. For many years, the city, through its department of health and sanitation, has operated and maintained a tuberculosis sanitorium near the city, known as Firland Sanitorium, and that, in 1927, the city, by ordinance, created in that department the position of houseman at the sanitorium, prescribing the duties and fixing the compensation for the position, the duties consisting of general utility and repair work with respect to the buildings and furniture, also including plumbing work.

January 4, 1927, plaintiff, having qualified therefor, was appointed, under civil service rules, to the position of houseman; and continued thereafter to discharge the duties of that position until May 6, 1933, when he was discharged by the commissioner of health on account, as stated, of lack of work and lack of funds, the duties of the position being thereupon divided, however, among other employees of the department of health and sanitation, resulting in a reduction in the force and expense in the department. Within ten days after his discharge, as provided in the charter of the city, he filed a protest against his removal, and demanded an inquiry and hearing, which hearing was duly given by the members of the civil service commission, whereupon the action of the department discharging him was sustained. The ordinance creating the position, defining the duties and fixing the salary had not been repealed at the date of the judgment herein.

By a clear preponderance of the evidence, it appears that there was only one houseman provided for in the ordinance, which position has not been filled

since respondent was discharged, and that, since he was discharged, the work has been performed by other employees in the department and by inmates or patients in the sanitorium, by which the total compensation for the work of a houseman has been somewhat reduced as compared with the salary provided by the ordinance.

The assignments, in substance, are that the court erred in holding that the respondent could not be removed by the commissioner of health on account of lack of work and lack of funds; that the court has no jurisdiction in the matter, the respondent having been given a hearing before the civil service commission; and that the judgment should have been against the respondent. The assignments of error are argued together, by counsel for the appellants.

■ ■ Generally, it may be stated that the work for which the position was created still exists, and is being performed; that pay or compensation for the position still exists—it being fixed and provided for by ordinance and not by the department or commissioner of health; and that the office or position of houseman still exists—it not having been abolished, either directly or indirectly, by the city council that created it. Concerning the alleged cause of the discharge of the respondent, it must be held that for the health commissioner to say there was no work to be done of the kind it was provided the houseman should do around the sanitorium, appears on its face to be arbitrary, extreme and not warranted, as a reason or cause for the attempted discharge of the respondent and wholly at variance with the facts as shown by the evidence and finding on that subject, resulting in a wrongful, unlawful discharge of the respondent.

Notwithstanding a number of cases cited and discussed by respective counsel as having some bearing on this controversy, which authorities we have considered, the case is controlled, in our opinion, by the rule stated in *State ex rel. Allen v. Spokane,* 150 Wash. 542, 273 Pac. 748, 277 Pac. 999, as follows:

"These matters, together with a number of our prior cases, were again discussed in *State ex rel. Weyant v. Seattle,* 127 Wash. 681, 221 Pac. 997. There we expressly held that the civil service employee, who had been wrongfully separated from his employment (the duties of his office being thereafter distributed among, and performed by, other employees indiscriminately, there being no particular person appointed to fill his identical position and perform his identical work) could recover back salary against the city for such time as the wrongful separation continued."

Thereafter, the holding with respect to the right to collect the salary for the period of unlawful separation from the office or position was approved in *Fosnaugh v. Seattle,* 167 Wash. 519, 9 P. (2d) 1110.

Judgment affirmed.

BEALS, C. J., STEINERT, MILLARD, and BLAKE, JJ., concur.