[No. 27045. Department Two. June 20, 1938.]

OTTAR B. HAGA, *Appellant,* v. THE CITY OF SEATTLE, *Respondent and Cross-appellant.*[1]

[1]Reported in 80 P. (2d) 821.

*Wright & Wright* and *Dwight N. Stevens* (*Ambrose C. Grady*, of counsel), for appellant.

*A. C. Van Soelen* and *Glen E. Wilson*, for respondent and cross-appellant.

BLAKE, J.—Plaintiff, a civil service employee of the defendant city, brought this action to recover compensation accruing to his position during a period he claims to have been wrongfully separated from it. The case was tried to the court, which found that plaintiff had been wrongfully separated from his position for forty-three days. From judgment accordingly entered, both plaintiff and defendant appeal.

With one exception, the material facts are not in dispute. It appears that in 1924 plaintiff acquired civil service standing as a carpenter; that from time to time he was employed as such in the park department, the building department, and the public utilities department; that for some time prior to January 3, 1936, he had been employed in the park department; that on the date mentioned, he was separated from his position; that on January 4, 1936, the park department reported to the civil service commission that plaintiff had been "laid off."

It appears that the park department had made arrangements with the Federal Works Progress Administration to carry on park improvements—the city furnishing material, and the W. P. A. labor. Learning that carpenters were employed in the park department under this plan, plaintiff, on February 11, 1936, wrote a letter to the park board, briefly referring to his civil service standing, and calling attention to the fact that maintenance work in the parks was being done by W. P. A. workers. He concluded as follows:

"Trusting that you will give this matter immediate attention with the result that I will be established in

the position which is rightfully mine, and in which there is regular work to be done at all times, I am," etc.

This communication was transmitted to the civil service commission. On March 11th, plaintiff received a letter from the latter, advising him to seek work in the W. P. A. No other action appears to have been taken until May 11th, although, in the meantime, plaintiff followed up with a personal protest to the park department, demanding reinstatement. On May 11th, he was certified to the light department, where he was employed until September 18th. Again he was laid off. He sought the aid of various city officials in an effort to be reinstated. He finally employed counsel, and, in April, 1937, obtained a hearing before the civil service commission. As a result of that hearing, the commission entered the following finding:

"The commission arrived at the conclusion that from the evidence then before it, Herbert Ridley, a laborer in the park department, had been assigned to and had taken over, as his principal duties after Mr. Haga had been laid off, the work theretofore performed by Mr. Haga, and it was regularly moved and carried that the board of park commissioners be requested to refrain from performing such work until such time as it is able to legally employ a regular carpenter."

This brings us to the disputed fact which we referred to at the beginning. Plaintiff had, some time prior to the hearing before the civil service commission, discovered facts from which he deduced that Ridley had succeeded to his position and had been performing the work of a carpenter in the park department. Ridley was employed by the city—not by the W. P. A. His civil service classification was that of "laborer"—not "carpenter." The point in dispute does not relate to Ridley's employment by the city, or his civil service status, but to the character of work he did after the plaintiff was laid off. The defendant contends that the

duties he performed were those of a general utility man; that such carpenter work as he did was merely incidental to his other duties. The court made no direct finding upon the issue. However, it did find:

"That on April 27, 1937, the civil service commission held a hearing on plaintiff's protest, and found that one Herbert Ridley, a laborer in the park department, was performing substantially the same kind of work that the plaintiff had been performing prior to his lay-off as carpenter on January 3, 1936."

Obviously, this finding goes no further than to state the conclusion reached by the civil service commission with respect to the character of work performed by Ridley. Of course, we do not know upon what evidence the civil service commission based that conclusion, but we may say that, if it had before it the evidence adduced at the trial of this case, it could have reached no other conclusion.

■ Taking this view of the disputed issue, and considering the undisputed facts, we see no escape from the conclusion that plaintiff was wrongfully separated from his position on January 3, 1936. *State ex rel. Jarrett v. Seattle,* 186 Wash. 541, 58 P. (2d) 1212. He is, therefore, under numerous decisions of this court, entitled to the compensation accruing to the position during the period of his wrongful separation. *State ex rel. Allen v. Seattle,* 150 Wash. 542, 273 Pac. 748, 277 Pac. 999; *Fosnaugh v. Seattle,* 167 Wash. 519, 9 P. (2d) 1110; *State ex rel. Jackson v. Seattle,* 177 Wash. 646, 32 P. (2d) 1065.

The right to compensation is conditioned, however, upon a seasonable and sufficient demand for reinstatement. *State ex rel. Abel v. Seattle,* 137 Wash. 142, 242 Pac. 9; *Hill v. Tacoma,* 175 Wash. 98, 26 P. (2d) 1030; *Allard v. Tacoma,* 176 Wash. 441, 29 P. (2d) 698; *State ex rel. Ausburn v. Seattle,* 190 Wash. 222, 67 P. (2d) 913.

██  The defendant contends that plaintiff's demand for reinstatement was neither sufficient nor seasonable. If plaintiff's letter of February 11, 1936, to the park board, was a sufficient demand for reinstatement, we have no hesitancy in saying that, under the rule applied in the cases last cited, it was seasonable.

The contention that the letter was an insufficient demand for reinstatement is predicated upon the failure to mention Ridley's performance of carpenter work, and upon the statements stressing the fact that W. P. A. workers were doing carpenter work. In short, the contention amounts to this: Although plaintiff may have been wrongfully separated from his position, he failed to predicate his demand for reinstatement on correct legal grounds. We think this contention is without merit. We do not see how the park board or the civil service commission could have been misled either by the statements made relative to W. P. A. workers or the failure to mention Ridley. Certainly, the park board was chargeable with knowledge of the character of work performed by Ridley. As a matter of fact, it is fair to infer that the substitution of Ridley for plaintiff was intentional, for no provision was made in the budget for the position of carpenter filled by Ridley. This, however, does not justify his employment as such in the stead of plaintiff. *State ex rel. Jarrett v. Seattle, supra.*

██  Defendant contends that plaintiff, by accepting a position in the light department in May, 1936, lost his right to compensation accruing to his position in the park department during the period of separation. This contention, we think, is answered by rule 6, promulgated by the civil service commission. The rule provides for a reinstatement register, in which the names of employees who have been laid off or reduced in rank shall be kept. It then provides:

"Such persons shall also be entitled to certification to other departments, on the basis of their examination average, from the eligible list from which they were originally appointed; *provided, that if appointed in another department their right to reinstatement in their former position shall cease at the expiration of the period of probation.*"

Plaintiff was laid off in the light department September 18th. Clearly, under the rule, he did not lose his standing in the park department, since he did not serve out the probationary period in the light department.

The court found that plaintiff was *wrongfully* separated from his position only forty-three days. This conclusion was obviously based upon the theory that plaintiff's letter of February 11, 1936, did not constitute a seasonable and sufficient demand for reinstatement. For the court also found that plaintiff was actually laid off 255 days between January 3, 1936, and May 18, 1937, when he was last certified for work by the civil service commission. In view of our holding that plaintiff's letter of February 11, 1936, was a seasonable and sufficient demand for reinstatement, it follows that he was *wrongfully* separated from his position for the entire period of 255 days.

The cause is therefore remanded, with directions to modify the judgment accordingly.

MAIN, BEALS, MILLARD, and ROBINSON, JJ., concur.