[No. 13002. Department One. May 6, 1916.]

THE STATE OF WASHINGTON, on the Relation of F. J. Cummings, etc., Appellant, v. C. E. BLACKWELL et al., Respondents.[1]

MUNICIPAL CORPORATIONS—INCORPORATION—VALIDITY—EXCESS AGRICULTURAL LANDS. The inclusion of excess agricultural lands within the limits of a town does not necessarily render the entire incorporation proceedings void, although the lands might not be affected by the incorporation.

APPEAL—FINAL ORDERS—QUO WARRANTO—ACTION TO COMPEL—PETITION—SUFFICIENCY — PRELIMINARY ORDER — DUTY OF PROSECUTOR. Under Rem. & Bal. Code, § 1035, providing that informations in the nature of quo warranto may be filed by the prosecuting attorney upon his own relation if he deems it his duty, or by direction of the court, an order overruling the prosecuting attorney's demurrer to a petition to require him to file an action in quo warranto, and directing him to make an investigation and exercise his discretionary power in the matter of commencing quo warranto, is not a final order in the proceeding and is therefore not appealable; since it contemplates an answer by the prosecuting attorney, and a plain case is required to warrant a peremptory order requiring an action in quo warranto.

Appeal by petitioner in mandamus, from an order of the superior court for Okanogan county, Pendergast, J., entered June 8, 1915, directing the prosecuting attorney to make an investigation, upon overruling a demurrer to a petition to compel quo warranto proceedings. Appeal dismissed.

J. M. Adams, for appellant.

W. H. Patterson, for respondents.

MOUNT, J.—This action was brought in mandamus by F. J. Cummings to require the prosecuting attorney of Okanogan county to file an action in quo warranto against the officers of the town of Riverside to determine the alleged invalidity of the incorporation thereof.

[1]Reported in 157 Pac. 223.

The facts alleged in the petition are substantially as follows: On November 24, 1913, the county commissioners of Okanogan county made an order incorporating the town of Riverside and including certain described lands therein. On May 10, 1915, Mr. Cummings filed his petition, alleging that he is a property owner and taxpayer within the boundaries of the alleged corporation; that certain inhabitants of the unincorporated town attempted to incorporate the same as a town of the fourth class; that within the boundaries of said town is a tract of land containing twenty-two acres, owned by the petitioner which is entirely excluded from said corporation; that this tract of land is unplatted; that, in addition to that tract, the petitioner was the owner of twenty acres of unplatted land adjoining thereto, within the boundaries of said corporation, and also seventy-six acres within the boundaries of said town, which last mentioned tract was platted, described, and designated as "Glenwood Acre Tracts, and First Addition to Glenwood Acre Tracts," designed to be used for agricultural purposes only, and not intended to be used for town lots or blocks, having no streets or alleys; that he protested against the inclusion of ninety-six acres of his agricultural land within the boundaries of the corporation, and objected to the inclusion of more than twenty acres therein. It is also alleged that there was territory embraced within said purported corporation not contiguous thereto; that certain persons named in the petition were pretending to act as officers of the said town, and were levying taxes against said property of the petitioner for a waterworks system, and $1,000 towards the building of a bridge across the river at said town.

He further alleges that he presented to the prosecuting attorney of Okanogan county all the facts alleged in his petition, together with an information in the nature of a *quo warranto*, and the evidence to support the same, and requested the prosecuting attorney to sign and verify said petition and bring an action against the alleged officers of the

pretended town to require them to show cause by what right they assumed to exercise official duties, and to test the validity of the incorporation, and the inclusion of the petitioner's land within the boundaries thereof; that the prosecuting attorney ignored the petition and the facts laid before him, and failed and refused to take any action therein.

Upon the filing of the petition, the court issued an order requiring the prosecuting attorney and the officers of the town to show cause why the prosecuting attorney should not proceed as requested. On the return of this order, the prosecuting attorney demurred to the petition, which demurrer was overruled. The prosecuting attorney elected to stand upon the demurrer. The court then entered an order containing, among other things, the following:

"And said prosecuting attorney electing in open court to stand upon his said demurrer, now, therefore, it is further ordered that the said prosecuting attorney be and he is hereby required to investigate, and said prosecuting attorney be and he is hereby required to make an honest, *bona fide* investigation of the matters and things set forth and referred to in the amended petition herein, and exercise his discretionary power in the matter of commencing an action in the nature of *quo warranto* to test the validity of the incorporation of the town of Riverside in said county, and to commence such suit if in his honest judgment the facts warrant the same."

The petitioner has appealed from that order. It would appear from the title of the action [on the briefs] that the prosecuting attorney has appealed from the order of the court; but that is not the fact. The prosecuting attorney has not appealed. The petitioner, Mr. Cummings, is the appellant.

The respondent moves to dismiss the appeal for the reason that the order appealed from is not a final order. We think this motion must be sustained. It is apparent that the appellant claims that the town of Riverside is illegally incorporated by reason of the fact that certain lands belonging to the petitioner are included within the limits of the corpo-

ration.  There is nothing upon the face of the petition to indicate that the county commissioners in forming the corporation did not proceed as required by law.  If the corporation is regular and legal otherwise, it seems plain that the fact that lands were included within the corporation which ought not to have been included, does not render the incorporation invalid.  If lands are included therein which ought not to have been included, those lands might not be affected by the incorporation of the town.  But that fact would not necessarily render the whole proceedings for incorporation void and of no effect.

The statute provides, at Rem. & Bal. Code, § 1035 (P. C. 81 § 1797), with reference to informations in the nature of *quo warranto,* as follows:

"The information may be filed by the prosecuting attorney in the superior court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, franchise, or corporation which is the subject of the information."

Assuming that all the facts stated in the petition are true, we think the court was not required to enter a peremptory order requiring the prosecuting attorney to commence or maintain the action in *quo warranto;* but it was the duty of the court, as he did, to order the prosecuting attorney to investigate the facts, and then determine whether he would or would not file the information in *quo warranto.*  It seems plain from the order quoted that the order, in effect, requires an answer to the petition after the prosecuting attorney has investigated the facts.  When the answer is filed, if issues are made, the trial court will determine the controversy and enter a final order.  But it is apparent to us that the order entered at this time is only final so far as it directs the prosecuting attorney to investigate the facts.  The prosecuting attorney has not appealed from that order; and we are satis-

fied it is not a final order such as may be reviewed at this stage of the proceeding so that the prosecuting attorney may be peremptorily required to file the information sought. As was said by this court, in *State ex rel. Rosbach v. Pratt,* 68 Wash. 157, 122 Pac. 987, quoting from *Boyne v. Ryan,* 100 Cal. 265, 34 Pac. 707:

"But to compel a district attorney, against his will and contrary to his judgment, to merely *commence* an action would·be an idle thing in the absence of power to compel him to prosecute it to final determination; and such power is not contended for by appellant. And, indeed, there could be no practicable exercise of such power. The court granting the writ of mandate could not follow the district attorney through the case, and see to it that he filed proper pleadings, offered sufficient evidence, made necessary objections to evidence offered by defendant, used proper arguments·and authorities in discussing questions raised before the court or jury, and conducted the trial with reasonable care and diligence."

Before the prosecuting attorney should be required to file an information in *quo warranto,* a plain case should be made by the petitioner, so that there could be no doubt that the prosecuting attorney would be justified in maintaining the *quo warranto* proceeding.

For these reasons, we are constrained to dismiss the appeal.

MORRIS, C. J., CHADWICK, and BAUSMAN, JJ., concur.

ELLIS, J., concurs in the result.