[No. 14897. Department Two. January 9, 1919.]

THE STATE OF WASHINGTON, on the Relation of
F. J. Cummings, Plaintiff, v. CHARLES A. JOHNSON,
Prosecuting Attorney of Okanogan County,
Defendant.[1]

MANDAMUS (33-36)—TO OFFICERS—CONTROLLING DISCRETION. A
plain case is required before the prosecuting attorney will be re-
quired to file an information in quo warranto to test the validity of
the incorporation of a town.

MUNICIPAL CORPORATIONS (8)—INCORPORATION—DETERMINATION OF
INHABITANTS—CONCLUSIVENESS. Under Rem. Code, § 7435, giving
the county commissioners the power to ascertain and determine the
number of inhabitants within the boundaries of a proposed town,
their decision is conclusive, unless reviewed under the appeal statute,
Id., § 3909.

SAME (4)—TERRITORY INCLUDED—UNPLATTED LANDS. Under Rem.
Code, § 7481, providing that no more than 20 acres of unplatted
land belonging to one person may be included within the corporate
limits of a town of the fourth class, the inclusion of 20 acres and
the exclusion of 22.15 acres of one owner is proper.

SAME (4). Although platted for agricultural or garden purposes,
lands may be included within the corporate limits of a town as
platted land, where they were surveyed and subdivided into small
tracts, designated by lot numbers, with streets named.

TAXATION (6) — UNIFORMITY — EXCLUSION FROM INCORPORATED
TOWN. The exclusion from the corporate limits of a town of a por-
tion of the owner's agricultural lands is not a violation of the con-
stitutional provision of uniformity of taxation; since the same can-
not be taxed for municipal purposes.

MUNICIPAL CORPORATIONS (8)—INCORPORATION—VALIDITY. Where
the county commissioners had jurisdiction of the incorporation of a
town, and did not act in excess thereof, the questions decided by
them are reviewable only on appeal.

Appeal from a judgment of the superior court for
Okanogan county, Grimshaw, J., entered January 29,
1918, in favor of the defendants, in an action to com-

[1] Reported in 177 Pac. 699.

pel the prosecuting attorney to institute *quo warranto* proceedings, tried to the court. Affirmed.

*J. M. Adams* and *P. D. Smith,* for plaintiff.

*Chas. A. Johnson* and *W. H. Patterson,* for defendant.

Holcomb, J.—The petitioner sought a writ of mandamus to require the prosecuting attorney to bring an action in the nature of *quo warranto* to test the validity of the incorporation of the town of Riverside, Okanogan county, Washington, and to determine whether the land of petitioner and others has been legally included therein.

. The facts of this case are practically set forth in the case of *State ex rel. Cummings v. Blackwell,* 91 Wash. 81, 157 Pac. 223, to which we refer, and which was a former appeal and dismissal because it was not from an appealable final order. The title of the appeal here is incorrect and should be, and is hereby ordered to be, "The State of Washington, on the Relation of F. J. Cummings, Plaintiff, v. Charles A. Johnson, Prosecuting Attorney of Okanogan County, Defendant."

Since the former appeal the superior court has tried the material issues, and all points involved were finally decided against petitioner. The petitioner assigns that the court erred, (1) in refusing to make an order requiring the prosecuting attorney to file an information in the nature of *quo warranto* against the pretended town of Riverside for insufficient population; (2) in holding that the lands owned by petitioner and others, described in their protest, were legally included in the town of Riverside; (3) in holding that noncontiguous territory can be legally included in a municipal corporation of the fourth class; (4) in hold-

ing that lot 2, containing 22.15 acres, can be legally excluded from the incorporation of Riverside, although it is included within the exterior boundaries of the town; (5) in holding that the lands in Glenwood Acre Tracts and First Addition to Glenwood Acre Tracts are platted lands in contemplation of the law for organization of municipal corporations of the fourth class; (6) in holding that the county commissioners in incorporating the town excluded all unplatted land in excess of the allowable 20 acres; (7) in holding that the law does not provide for contiguity as a prerequisite of original incorporation, and (8) in holding that the showing made by petitioner is not a plain case nor *prima facie* case such as to require the prosecuting attorney to proceed as requested.

It is within the power of the superior court to direct the prosecuting attorney to file an information in the nature of *quo warranto* when the facts are sufficient to warrant it under Rem. Code, § 1035. If the incorporation proceedings are legal it would be idle to direct the prosecuting attorney to proceed by information. We said in *State ex rel. Cummings v. Blackwell*, 91 Wash. 81, 157 Pac. 223:

"Before the prosecuting attorney should be required to file an information in *quo warranto*, a plain case should be made by the petitioner, so that there could be no doubt that the prosecuting attorney would be justified in maintaining the *quo warranto* proceeding."

Rem. Code, § 7435, gives the county commissioners power to ascertain and determine how many inhabitants reside within the boundaries of the town. The commissioners found that the population within the boundaries of the town was more than 300. This is the requisite number prescribed by statute, and is con-

clusive unless the statute makes such finding review-
able by the courts. We find no such statute, except
the appeal statute, Rem. Code, § 3909, which was not
resorted to by the petitioner.

The contention that noncontiguous areas were in-
cluded within the corporate limits would be sound if
the tract of land across the river just opposite to ap-
pellant's excluded land and the Glenwood Acre Tracts
and the river itself had been excluded by the county
commissioners in incorporating the town. Further-
more, the statute is not specific as to whether the com-
missioners must include only contiguous territory in
the incorporation order, further than that the empow-
ering statute, Rem. Code, § 7434, authorizes "any por-
tion of a county"—using the singular of the noun
"portion"—to be incorporated. In this case no more
than one portion is incorporated. Section 7435, Rem.
Code, in substance material here, provides the steps
to be taken for incorporation. A petition must be
signed by at least sixty qualified electors, residents
within the limits of the proposed corporation, contain-
ing a particular description of its proposed bound-
aries, stating the number of its inhabitants, and a
prayer for incorporation. Provision is made for a
hearing by the board of county commissioners, who,
on the final hearing, shall make such changes in the
proposed boundaries as they find proper, provided
that any changes made by the board shall not include
any territory outside the boundaries described in the
petition. Section 7481, Rem. Code, limits the area to
be included in fourth-class corporations to one square
mile, and provides that no more than 20 acres of un-
platted land belonging to any one person within the
corporate limits shall be taken without the consent of
the owner of such unplatted land. Manifestly we can-

not find that the board of county commissioners went beyond their power when they included appellant's 20 acres of unplatted land and excluded his 22.15 acres therefrom.

The contention that the Glenwood acre tracts are unplatted lands cannot be sustained. These tracts were surveyed, subdivided into small tracts and designated by lot numbers, and the testimony shows that streets are named. The petitioner's testimony shows that he platted these tracts for agricultural or garden purposes; but this can make no difference here, for the county commissioners found they were platted land. The size of the lots, blocks or tracts, and whether platted as lots, blocks, or tracts, is immaterial. No statute specifies any precise nomenclature or areas. In so far as we are advised, there is no statute in this state authorizing the platting of property, other than the statute governing the platting of townsites or additions to towns.

The contention that the exclusion of petitioner's 22.15 acres is a violation of the constitutional provision as to uniformity of taxes is unsound, for this land cannot be taxed for municipal purposes when not made a part of the town, nor can that question be collaterally raised here.

The board of county commissioners had jurisdiction of the subject-matter of incorporating the town, and it does not appear that they acted in excess of their jurisdiction, and unless it plainly so appears, the questions decided by them are not made reviewable by the courts except by appeal, but must be considered as legislative or political questions.

It does not appear incumbent upon the prosecuting attorney to prosecute the proceeding as petitioned, nor can it be said that the superior court erred in denying

the writ of mandate after considering the facts before it.

The judgment of the trial court is affirmed.

MOUNT and PARKER, JJ., concur.