[No. 28436.  *En Banc.*  February 18, 1942.]

THE STATE OF WASHINGTON, *on the Relation of Arthur
Brown, as Mayor of the Town of Marysville, Re-
spondent,* v. PHIL G. WARNOCK, *Defendant,*
LESLIE R. COOPER, *as Prosecuting Attorney
for Snohomish County, Appellant.*[1]

[1]Reported in 122 P. (2d) 472.

*Leslie R. Cooper* and *C. P. Brownlee,* for appellant.

*A. E. Dailey,* for respondent.

MILLARD, J.—Arthur Brown, as mayor of the town of Marysville, a municipal corporation of the fourth class, filed a petition in the superior court for Snohomish county, praying for an order directing the prosecuting attorney for that county to institute the necessary proceedings to determine by what authority Phil G. Warnock was exercising the functions of town attorney of the town of Marysville.

In answer to a show cause order served upon him, the prosecuting attorney appeared and demurred to the petition upon the grounds that same did not state facts sufficient to constitute a cause of action and that there was a defect of parties defendant and plaintiff. The demurrer was overruled, and an order was entered requiring the prosecuting attorney to commence with reasonable promptness proceedings in the nature of *quo warranto* to test the right of Phil G. Warnock to hold the office of attorney for the town of Marysville and to diligently prosecute the action to final judgment. The prosecuting attorney appealed from that order.

The allegations of fact, together with the reasonable inferences therefrom, in the petition of respondent, admitted by the demurrer to be true, are as follows: Phil G. Warnock, who is not an elector or resident of

the town, was appointed by the mayor of Marysville, a municipal corporation of the fourth class, attorney for the town of Marysville. He served as town attorney until January 31, 1941, at which time the mayor notified him of his discharge. Although he was not then, and is not now, an elector or resident of the town, Warnock was elected attorney for the town of Marysville and received from the county auditor a certificate of election under which he claims title to the office of town attorney. The prosecuting attorney for Snohomish county refused to institute the action requested by the petitioner.

Counsel for appellant contend that the mayor is not beneficially interested, therefore the court erred in issuing the writ in view of the statutory provision (Rem. Rev. Stat., § 1015 [P. C. § 8189]) that issuance of the writ of mandamus must be upon affidavit on the application of the party beneficially interested; and that the petition does not allege the absence of a plain, speedy, and adequate remedy at law which is prerequisite to the issuance of the writ.

"The writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It must be issued upon affidavit on the application of the party beneficially interested." Rem. Rev. Stat., § 1015.

Counsel for appellant further insist that there is a plain, speedy, and adequate remedy at law under the statute (Rem. Rev. Stat., § 5366 [P. C. § 2121]), which provides that any elector of the proper county may contest the right of any person declared duly elected to an office, when the person, whose right to office is contested, was not, at the time of election, eligible to such office.

The argument of counsel for appellant as to defect of parties, adequacy of remedy at law, that it is a

matter within the discretion of the prosecuting attorney whether he shall institute *quo warranto* proceedings, and that the court has no power to compel him to act against his will, is answered by the clear, unambiguous language of the statute. (Rem. Rev. Stat., §§ 1014, 1034, 1035 [P. C. §§ 8187, 8398, 8399].) See, *State ex rel. Gilbert v. Prosecuting Attorney,* 92 Wash. 484, 159 Pac. 761.

The statute (Rem. Rev. Stat., § 9170 [P. C. § 832]) provides that no person shall be eligible to hold any office in a municipal corporation of the fourth class (Marysville is a municipal corporation of the fourth class) whether filled by election or appointment unless he be a resident and elector therein. It is admitted that Mr. Warnock, the incumbent, is not eligible to hold the office of attorney for the town of Marysville, as he is not a resident and elector of the town.

This is not a proceeding by a private individual to maintain an information in the nature of *quo warranto* to try title to a public office; it is an action in mandamus to compel the performance of an act which the law especially enjoins upon the prosecuting attorney as a duty resulting from his office. The only necessary parties to the proceeding are respondent relator, who claims right to performance, and appellant prosecuting attorney, who must perform.

The writ of mandamus

" . . . may be issued by any court, . . . to any . . . person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, . . . " Rem. Rev. Stat., § 1014.

The statute, relating to the usurpation, intrusion into, and unlawful holding of office, provides that an information in the nature of *quo warranto* may be filed against any person who unlawfully holds or exer-

cises any public office within this state. Rem. Rev. Stat., § 1034. That is, an information in the nature of *quo warranto* is the proper and adequate remedy to try the right to a public office of which, as in the case at bar, there is a *de facto* incumbent.

The statute further provides that the information in nature of *quo warranto* to determine title to an office allegedly unlawfully held

" . . . may be filed by the prosecuting attorney in the superior court of the proper. county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, . . . which is the subject of the information." Rem. Rev. Stat., § 1035.

At the common law, the public prosecutor or attorney general had the exclusive right or power to commence proceedings by information in the nature of *quo warranto*. Under the statute (Rem. Rev. Stat., § 1035), the prosecuting attorney may, upon his own relation, whenever he shall deem it his duty to do so, file an information in the nature of *quo warranto* to determine title to a public office allegedly unlawfully held. Although the prosecuting attorney may, if convinced that the interests of the public justify a resort to the remedy by *quo warranto*, file an information, the discretion of the prosecuting attorney is not an arbitrary discretion.

While the prosecuting attorney *may* file the information upon his own relation, he *shall* file such information when so "directed by the court or other competent authority." The information may be filed "by any other person on his own relation, whenever he claims an interest in the office, . . . which is the subject of the information." If respondent were bene-

ficially interested in the office of attorney for the town of Marysville, he could on his own relation file an information in the nature of *quo warranto.*

▮▮ Respondent relator proceeded properly in petitioning the court to require the prosecuting attorney to show cause why he should not be compelled, as the statute (Rem. Rev. Stat., § 1035) provides, to file an information in the nature of *quo warranto* to determine the right of Mr. Warnock to the office of town attorney, allegedly unlawfully held by the incumbent.

If a prosecuting attorney refuses to perform a duty which is enjoined upon him by law, performance may be compelled by mandamus. When it is sought by mandamus to compel a prosecuting attorney to institute an action, the petition must disclose that sufficient facts were laid before the prosecuting attorney to warrant his instituting the action, and that he failed to do so. If a prosecuting attorney is vested with discretion in determining whether in any particular instance he will perform the act in question, mandamus may not issue to compel him to do so; however, when the statute under which the prosecuting attorney is required to commence an action provides that the action may be instituted at the instance of the prosecuting attorney or at the direction of the court, ultimate discretion in the matter is vested in the court and not in the prosecuting attorney, who may, on refusal to act, be compelled by order of the court to perform his duty. 5 Bancroft's Code Practice, p. 5103, § 3824; Rem. Rev. Stat., §§ 1014, 1034, 1035; *State ex rel. Gilbert v. Prosecuting Attorney,* 92 Wash. 484, 159 Pac. 761; *State ex rel. Cummings v. Johnson,* 105 Wash. 93, 177 Pac. 699; 38 C. J. 623, 656; *State ex rel. Cummings v. Blackwell,* 91 Wash. 81, 157 Pac. 223; *Thomas v. Fuller,* 166 La. 847, 118 So. 42.

That respondent had the legal right to maintain the action in mandamus is clear, and that appellant prosecuting attorney should not have denied respondent's petition, which set forth sufficient grounds for action, is equally plain. It was the duty of appellant to present in proper form an information in the nature of *quo warranto* and let the court decide whether there was sufficient cause shown for removal of the incumbent. While the prosecuting attorney might not deem it his duty to file the information on the showing made by the petitioner, if a case is stated which convinces the court that the rights involved are of such public moment as to make it essential that they be determined by the court after a full trial on the law and the facts, the court is empowered by the statute (Rem. Rev. Stat., § 1035) to direct the prosecuting attorney to file an information in the nature of *quo warranto* to determine title to an office.

Doubtless the legislature in enacting the statute (Rem. Rev. Stat., § 1035) contemplated a situation, like that in the case at bar, in which the prosecuting attorney might not "deem it his duty" to file the information, yet a case, as stated in *State ex rel. Gilbert v. Prosecuting Attorney*, 92 Wash. 484, 159 Pac. 761,

" . . . in which the rights involved might be of such public moment as to make it essential that they be determined by the court after a full trial on the law and the facts. Hence the legislature provided that the information may be filed by the prosecuting attorney, not only whenever he deems it his duty to file it, but also whenever he 'shall be directed by the court or other competent authority.' Appellant argues that the use of the word 'may' in the opening line of the statute has a permissive significance and vests a final discretion in the prosecuting attorney. But this cannot be so unless we strike from the statute the clause last quoted. On the contrary, when that clause is considered it is clear that the word 'may' is used, not in the

permissive, but in the alternative sense. That is to say, the information *may* be filed *either* at the instance of the prosecuting attorney *or* of the court. Clearer terms than those of the statute could hardly be framed to deny a final discretion to the prosecuting attorney and vest an ultimate discretion in the courts. The statute neither says nor implies that the court may direct the prosecuting attorney to act only when that officer has fraudulently or corruptly refused to act. It distinctly reposes the final discretion in the court, regardless of the attitude or motives of the prosecuting attorney."

In *Thomas v. Fuller*, 166 La. 847, 118 So. 42, it was held that the right to require a prosecuting attorney to bring action in *quo warranto* against one allegedly unlawfully holding an office may be enforced by mandamus under a statute not differing materially from our statute (Rem. Rev. Stat., §§ 1034, 1035).

Under the Louisiana statute, the supreme court of Louisiana held, in *Thomas v. Fuller, supra,* that, where parties, who are not taxpayers but are residents of county or ward and have no beneficial interest in the office, petition the district attorney to institute action of *quo warranto* against two persons allegedly unlawfully holding office in the county or ward, the district attorney must act; that he may be required by writ of mandamus to act and let courts decide contradictorily with the two incumbents whether there is sufficient cause shown for removal, and the district attorney cannot raise point that petition addressed to him does not set forth necessary ultimate facts to warrant ousting of the two incumbents.

The assignment that the court erred in ordering appellant prosecuting attorney to file an information in nature of *quo warranto* without permitting him to answer the petition after his demurrer was overruled, is without substantial merit.

While one to whom is addressed an order to show cause may both demur and answer, the answer must be submitted at the same time as the demurrer. In *State ex rel. Jefferson County v. Hatch,* 36 Wash. 164, 78 Pac. 796, we held that, where an original application was made in this court for a writ of mandate and on return to the order to show cause the defendants demurred to the application, the defendants were not entitled, upon the overruling of their demurrer, to leave to answer, as issues of fact must be presented at the time of the hearing, which is final; that, if the defendants desired to raise any issue on the facts, they should have done so by answer filed at the same time as they filed the demurrer—that the two must be submitted at the same time.

While there is contrary authority, we are of the view that the better rule is to require the defendant, when making a return to an order to show cause, to submit his answer at the same time as he demurs, otherwise his right to answer is foreclosed upon the overruling of his demurrer.

Affirmed.

ROBINSON, C. J., MAIN, BLAKE, SIMPSON, JEFFERS, and DRIVER, JJ., concur.

STEINERT and BEALS, JJ., dissent.