[No. 28903. Department One. March 2, 1943.]

THE STATE OF WASHINGTON, *on the Relation of Leslie R. Cooper, as Prosecuting Attorney, Respondent,* v. PHIL G. WARNOCK, *Appellant.*[1]

[1]Reported in 134 P. (2d) 706.

*C. W. Jordan* and *Phil G. Warnock,* for appellant.

*Leslie R. Cooper, C. P. Brownlee,* and *Philip Sheridan,* for respondent.

STEINERT, J.—This is an action in *quo warranto* brought by the prosecuting attorney for Snohomish county to oust the defendant, Phil G. Warnock, from the office of town attorney for the town of Marysville,

upon the ground of ineligibility of the defendant to hold that office. The cause was tried to the court without a jury. Findings were made and a judgment was entered, declaring that the defendant has no right to the office, and ousting him therefrom. Defendant appealed.

Our statement of the facts and our citation of the pertinent statutes cover not only this case, but also the companion case of *Warnock v. Marysville*, No. 28902, *post* p. 710. Both cases involve virtually the same fundamental issue and, although they were not consolidated, they were tried before the superior court at the same time. They were also argued in this court on the same day.

The town of Marysville is a municipal corporation of the fourth class. By chapter VII, § 143, p. 198, Laws of 1890 (Rem. Rev. Stat., § 9164 [P. C. § 826]), the government of such towns is vested in a mayor, a council of five members, a clerk, a treasurer, a marshal, a police justice, and such subordinate officers as are further provided for in the legislative act.

Chapter VII, § 144, p. 198, Laws of 1890, as amended by chapter 33, § 1, p. 111, Laws of 1911 (now appearing as Rem. Rev. Stat., § 9165 [P. C. § 827]), provides that the mayor, the members of the council, and the treasurer shall be elected by the qualified electors of the town at a general municipal election; that the mayor and councilmen shall hold office for a period of two years and the treasurer for a period of one year; that the mayor shall appoint a marshal, a police justice, and a clerk; and that the city council may provide by ordinance for the appointment by the mayor of an attorney and certain other officers as may be deemed necessary. This section of the statute further provides that no appointment of any such designated officers shall be subject to confirmation by the council

and that all such officers appointed by the mayor shall hold office during the mayor's "pleasure."

Chapter VII, § 149, p. 200, Laws of 1890 (Rem. Rev. Stat., § 9170 [P. C. § 832]), provides:

"No person shall be eligible to or hold office in such town, whether filled by election or appointment, unless he be a resident and elector therein."

This section has never been amended and, as will appear later, goes to the heart of the present controversy.

In 1905, the town council of Marysville passed an ordinance creating the office of town attorney and fixing a monthly salary therefor. The ordinance also provided that the attorney "shall be appointed by the mayor and shall hold office during the pleasure of the mayor." For a number of years prior to 1939, but subsequent to the passage of the ordinance, appellant had been acting as town attorney for Marysville, under appointment by several successive mayors.

At its 1939 session, the legislature passed an act (chapter 87, p. 246; Laws of 1939), now appearing as Rem. Rev. Stat. (Sup.), § 9165-1 [P. C. § 827a], which amended Rem. Rev. Stat., § 9165, by providing that the terms of office of mayor, *attorney*, clerk, and treasurer in cities of the third and *fourth* classes shall be *four* years, and until their successors are *elected and qualified*. It is to be noted, at this point, that the amending statute of 1939 did not specifically provide that the office of town attorney should be an *elective* office, nor, so far as we have been advised, has any other statute, passed since 1890, done so. It seems to have been assumed in certain quarters, however, that the 1939 act impliedly made the office of town attorney an elective one, for in the general municipal election held in Marysville in November, 1939, the names of appellant and

another attorney appeared upon the ballot as candidates for that office.

It is conceded by all parties herein that neither the appellant nor the opposing candidate was at that time, or at any other time, a resident or elector in Marysville. Both of them resided in Everett. It further appears that at the same election Mr. Arthur Brown was a candidate for reelection to the office of mayor.

The evidence discloses that, shortly before the holding of the election, and after receiving advice from the attorney general, Mayor Brown had an explicit understanding with the two candidates for town attorney that he would appoint as such attorney whichever one of them proved to be the successful candidate at the election. It is not clear from the record whether that understanding was had because of the residential qualification required by Rem. Rev. Stat., § 9170, or because of the uncertain effect of Rem. Rev. Stat. (Sup.), § 9165-1 with respect to the elective character of the office of town attorney.

At the election just referred to, appellant received the greater number of votes, and, on December 12, 1939, the county auditor issued to him a certificate of election. Thereafter, on December 15th, an election contest was instituted by one E. N. Weeks against appellant, but that action was voluntarily dismissed by the petitioner therein on December 20th. Appellant thereupon, in January, 1940, took office and entered upon his duties as town attorney. No formal appointment of appellant, however, was made by the mayor after the election, it being assumed by all parties that the prior understanding was sufficient for that purpose. In any event, appellant now contends that he was not only elected, but was also appointed to the office, and respondent does not now dispute either appellant's appointment or his election, if the election was valid.

Appellant continued to serve in the capacity of town attorney, without hindrance or dispute, until some time in January, 1941, and was regularly paid his salary. During that month, however, friction arose between him and Mayor Brown, and in consequence thereof the mayor requested appellant's resignation. Appellant declined to resign, and thereupon, according to the evidence and the decision of the trial court, the mayor discharged him as of January 31, 1941. Since that time, appellant has received no further salary warrants.

Despite the action taken by the mayor, appellant insisted that he was still the lawful town attorney and continued to attend regularly upon the council meetings, holding himself ready to perform his customary duties. The council declined, however, to consult him or to submit any legal questions to him, but instead availed itself temporarily of the services of Mr. A. E. Dailey, an attorney who likewise was a resident and elector in the city of Everett.

The situation thus created proved embarrassing and presented many difficulties. Appellant finally sought to bring matters to a head by commencing the companion action, above referred to, on March 13, 1941, against the town of Marysville, its mayor, Arthur Brown, and A. E. Dailey, to enjoin the defendants therein named from interfering with him in the performance of his duties as town attorney and from refusing to recognize him as such. An order was obtained temporarily restraining the defendants in that action from in any way interfering with the plaintiff, appellant herein, in the performance of his duties and in the exercise of his privileges as such town attorney.

About the time that issues were joined in that action, the mayor of Marysville further countered by commencing an action in the superior court seeking an order directing the prosecuting attorney for Snohomish

county to institute the necessary proceedings to determine appellant's rights in and to the office claimed by the latter. The prosecuting attorney appeared and resisted that action. Upon the hearing, the superior court on April 14, 1941, entered an order directing the prosecuting attorney to commence with reasonable promptness proceedings in the nature of *quo warranto* to test appellant's right to the office. The prosecuting attorney appealed from that order, and on the appeal the order was affirmed by this court on February 18, 1942. *State ex rel. Brown v. Warnock,* 12 Wn. (2d) 478, 122 P. (2d) 472.

Pursuant to the final decision in that case, the prosecuting attorney instituted the present action in *quo warranto.* As indicated above, this latter action, together with the companion action instituted by appellant against the town of Marysville and others on March 13, 1941, came on for trial before the superior court on the same day, and both cases were decided at the same time.

The fundamental question presented upon the appeal in each of these cases is whether appellant was, or is, eligible to hold the office of town attorney of Marysville, either by appointment or by election. Appellant has never been, and is not now, a resident or an elector in the town. Rem. Rev. Stat., § 9170, therefore furnishes a complete and definite answer to the question. No person shall be eligible to or hold office in such town, whether filled by election or by appointment, unless he is a resident and an elector therein. Lacking the necessary qualifications, appellant has never been eligible to hold the office.

Appellant advances a number of arguments in an endeavor to escape the controlling effect of the prohibitory statute. He first contends that his right to the office was previously adjudicated in the action brought

against him by E. N. Weeks in December, 1939. There are several answers to this contention:

■ First: Appellant did not plead a former adjudication as a defense to the present action. The defense of *res judicata* is an affirmative one and must be pleaded and proved. *Large v. Shively,* 186 Wash. 490, 58 P. (2d) 808; *Watkins v. Seattle,* 2 Wn. (2d) 695, 99 P. (2d) 427.

■ Second: The former contest action was dismissed voluntarily by Weeks, the petitioner therein, and appellant does not deny respondent's categorical assertion that the dismissal was without prejudice.

■ Third: It was not shown, and it does not otherwise appear, that there existed the necessary concurrence of identities between the action brought by Weeks and the present action. To make a judgment *res judicata* in a subsequent action there must be a concurrence in four respects: (1) of subject matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of persons for or against whom the claim is made. *Watkins v. Seattle, supra.*

■ Appellant next advances the argument that no one other than himself has been appointed to the office, and that no one has qualified as his successor. The argument appears to be based on chapter 108, § 2, p. 281, Laws of 1941 (Rem. Supp. 1941, § 9165-1a), which provides, among other things, that any attorney for a fourth-class city, elected under the provisions of that act or appointed to fill an unexpired term, whose term has not expired at the time the act shall have taken effect, shall continue in office for the unexpired term and until his successor is appointed and qualified.

Whatever may be the effect of that act, as amendatory of Rem. Rev. Stat. (Sup.), § 9165-1 (chapter 87, § 1, p. 246, Laws of 1939), it could have no effect on the question of appellant's right to hold the office with-

out having the necessary residential and voting qualifications prescribed by Rem. Rev. Stat., § 9170.

The next contention made by appellant is that the municipal ordinance did not make residence within the town of Marysville a prerequisite to the right to hold the office of town attorney, and that the municipality would not be expected to adopt the statute requiring such residence if no attorney resided within its limits. The argument is without force, for, regardless of any ordinance that the municipality might adopt, such ordinance could not invalidate the statutory requirements for eligibility to office.

In this connection, appellant places some reliance on chapter 25, § 1, p. 59, Laws of 1941 (Rem. Supp. 1941, § 9213-3), which permits any city or town to determine by ordinance whether there shall be any residential qualifications for any of its appointive officials, and provides that, in the event the legislative authority of the city does not fix any such qualifications, there shall be none. He then argues that, since the ordinance, passed in 1905, provided no residential qualifications, none is now necessary.

There is nothing in the act of 1941 which indicates that the legislature intended to give it a retroactive effect. It is now the universally accepted rule that retroactive legislation is looked upon with disfavor and that statutes will be construed to be effective *in futuro* only, unless a contrary intent clearly appears. *Layton v. Home Indemnity* Co., 9 Wn. (2d) 25, 113 P. (2d) 538; *Nelson v. Department of Labor & Industries,* 9 Wn. (2d) 621, 115 P. (2d) 1014.

Furthermore, if appellant's claim of title to the office be rested upon his appointment, his rights ceased upon his discharge prior to the effective date of the 1941 act. If, on the other hand, his claim be by virtue of the election held in 1939, then he is met by Rem.

Rev. Stat., § 9170, which by reason of his residential disqualification made him ineligible to the office at the time of his election, and likewise prohibited his holding it while so disqualified. See *State ex rel. Reynolds v. Howell*, 70 Wash. 467, 126 Pac. 954, 41 L.R.A. (N.S.) 1119; *State ex rel. Willis v. Monfort*, 93 Wash. 4, 159 Pac. 889, L.R.A. 1917B, 801; note (1934) 88 A.L.R. 812 *et seq.*

Appellant finally contends that the trial court erred in refusing to hold the mayor, the members of the council, and Mr. Dailey in contempt of its order temporarily restraining them from interfering with him in the performance of his duties as town attorney after January 31, 1941. The court heard the evidence upon that issue and concluded that the respondent parties had done nothing to merit punishment for contempt. We think the court was correct in its conclusion. Respondents did not *interfere* with appellant in the *performance* of his duties; they simply did not consult him or ask him to perform any services. Furthermore, as stated by the trial court in its oral decision:

"And the incumbent [appellant] has no great cause to complain if, in the end, he can justify his holding of the office, if someone else shall have done the work."

Appellant's claim to office having been finally determined against him, he has no further interest in the extent or effect of the temporary restraining order.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, ROBINSON, and JEFFERS, JJ., concur.