[No. 28962.   Department One.   April 12, 1943.]

PHIL G. WARNOCK *et al.*, *Appellants*, v. THE TOWN OF
MARYSVILLE, *Respondent*.[1]

[1]Reported in 136 P. (2d) 188.

*Phil G. Warnock,* for appellants.

*A. E. Dailey,* for respondent.

STEINERT, J.—Plaintiffs, husband and wife, brought this action against the town of Marysville to recover seventeen months' unpaid salary claimed by them to have been earned by 'plaintiff Phil G. Warnock while acting as the duly qualified attorney for the. defendant municipality. Upon a trial before the court without a jury, the action was dismissed. From a judgment of dismissal with prejudice, the plaintiffs appealed. We shall hereinafter refer to plaintiff Phil G. Warnock as though he were the sole appellant.

Various phases of an extended course of litigation between the principal parties to this action have been presented to this court within recent months, as appears by the following cases: *State ex rel. Brown v. Warnock,* 12 Wn. (2d) 478, 122 P. (2d) 472; *State ex rel. Cooper v. Warnock,* 16 Wn. (2d) 697, 134 P. (2d) 706; *Warnock v. Marysville,* 16 Wn. (2d) 710, 134 P. (2d) 710.

The cases just cited involved primarily the question of appellant's rights in and to the office of town attorney for the town of Marysville, which is a municipal corporation of the fourth class. The case now on appeal presents more particularly the question of appellant's right to collect, for the seventeen months' period, the salary annexed to that office. The two questions are intimately related to each other, however, and arise out of facts common to both of them. Those facts have recently been stated at length in *State ex rel. Cooper v. Warnock, supra,* and need not be repeated in detail at this time. Reference to them therefore will be made only as occasion may require in our discussion of the case presently before us.

In the case last cited, and in the companion case of

*Warnock v. Marysville, supra,* the basic question presented upon the appeal was whether the appellant herein was, or is, eligible to hold the office of town attorney of Marysville, either by election or by appointment. We held that he was not eligible, for the reason that he was not, and never had been, a resident or elector in the town of Marysville and therefore came within the prohibition of chapter VII, § 149, p. 200, Laws of 1890 (Rem. Rev. Stat., § 9170 [P. C. § 832]), which provides:

"No person shall be eligible to or hold office in such town [of the fourth class], whether filled by election or appointment, unless he be a resident and elector therein."

In those cases we also held (1) that the controlling effect of the statute was not overcome by appellant's attempted assertion of the principle of *res judicata;* (2) that appellant could not base a claim to the office upon the ground that no one had been appointed or qualified to succeed him; (3) that the statute prescribing residential and electoral qualifications was mandatory and conclusive, regardless of whether or not the ordinances of the municipality required such qualifications; (4) that chapter 25, § 1, p. 59, Laws of 1941 (Rem. Supp. 1941, § 9213-3), permitting a city or town to determine whether appointive officials shall be subject to any residential qualifications, was not retroactive and hence did not apply to appellant; and (5) that the trial court correctly disposed of the issue of contempt, raised by appellant against the mayor and members of the town council in the companion case referred to above. The judgment of the trial court ousting appellant from the office accordingly was affirmed.

It should be stated that, at the time of the argument of the present appeal, the opinions in the two most recent cases previously referred to had not yet been

filed, and consequently counsel were not aware of our views upon the issues involved therein.

The sole question to be decided in this case is whether, regardless of the fact that appellant has been ousted from office by judicial determination, he is nevertheless entitled to receive the salary annexed to the office for the period of time during which his claim to such office was in dispute and until that question was finally decided by the trial court. This period of dispute covered the interim of seventeen months, between February 1, 1941, and July 1, 1942.

As we understand appellant's argument upon this question, he makes three contentions: (1) that he was regularly elected to the office of town attorney and is therefore entitled to the salary annexed thereto; (2) that, aside from his election, he was duly appointed to the office, has never been discharged therefrom, and, consequently, is entitled to continue to draw the salary; and (3) that in any event his right to hold the office and draw the salary was fully protected, for the period stated, by the restraining order issued during the pendency of the two cases in which his claim of right to the office was in dispute.

It is true, as appellant has contended throughout this course of litigation, that, at a general municipal election held in Marysville in November, 1939, the names of appellant and another attorney appeared upon the ballot as candidates for the office of town attorney, and that appellant received the greater number of votes. However, it is beyond question that up to that time the office of town attorney for towns of the fourth class was strictly an appointive one, to be filled by the mayor, and to be held by the appointee only during the mayor's pleasure. Chapter VII, § 144, p. 198, Laws of 1890, as amended by chapter 33, § 1, p. 111, Laws of 1911 (now appearing as Rem. Rev. Stat., § 9165

[P. C. § 827]), made the offices of mayor, members of the city council, and treasurer elective, fixed the term of office of the mayor and councilmen at two years, and that of the treasurer at one year, and then provided:

"The city council may provide by ordinance for the appointment by the mayor of an *attorney,* poundmaster, superintendent of streets, a civil engineer and such police and other subordinate officers as in the judgment of the city council may be deemed necessary and may by ordinance fix their compensation. *No appointment of any officer provided for herein shall be subject to confirmation by the city council. All officers appointed by the mayor as provided for in this act shall hold office during his pleasure."* (Italics ours.)

Thus, it appears from the amended act not only that an attorney for a fourth-class town is an appointive officer but also that he shall serve only during the period of the mayor's will and pleasure, and not for any fixed or definite term. In these respects, the office differs radically from that of city attorney for *third-class cities;* for, by chapter 184, § 3, p. 650, Laws of 1915 (Rem. Comp. Stat., § 9116), as amended by chapter 159, p. 147, Laws of 1927, and chapter 182, p. 474, Laws of 1929 (Rem. Rev. Stat., § 9116 [P. C. § 786]), the office of city attorney for the latter class of cities was made elective, having a term of two years, after the year 1916.

In 1905, the town council of Marysville by ordinance created the office of town attorney and provided that such attorney should be appointed by the mayor and should hold office during the latter's pleasure.

At the time of the 1939 election, referred to above, appellant was holding, and for a number of years prior thereto had held, the office of town attorney of Marysville, under appointment by several successive mayors.

At its 1939 session, the legislature passed an act

(chapter 87, p. 246, Laws of 1939, now appearing as Rem. Rev. Stat. (Sup.), § 9165-1 [P. C. § 827a]), amending Rem. Rev. Stat., §§ 9116 and 9165, referred to above, by providing:

"The terms of office of mayor, *attorney,* clerk and treasurer in all cities of the *third and fourth* class shall be *four years,* and until their successors are *elected and qualified: Provided,* That this act shall not affect the *terms* of office of any of such officials to which they have been elected or appointed at the time this act takes effect, but at the election next preceding the expiration of the *terms* of such officials a successor for such officials shall be elected for a four year term. . . ." (Italics ours.)

While the record in none of the cases involving this litigation discloses the authority for holding an election of a town attorney for Marysville in 1939, it apparently was thought that the statute just quoted impliedly required or permitted it. No other statute has been suggested as authority for doing so.

In our opinion, the dominant purpose of the 1939 act was simply to enlarge the terms of office of such officers as were elective under Rem. Rev. Stat., §§ 9116, 9165. These included the mayor, clerk, and treasurer of both third and fourth-class cities and towns, and the attorneys for *third*-class cities, but did not include appointive officials such as attorneys for *fourth*-class towns, whose appointment and period of service were dependent wholly upon the will and pleasure of the mayor. The act continuously refers to "terms of office" and must have had reference to those offices for which a term of years had been provided in prior statutes. Attorneys for fourth-class towns had no "term" of office, but simply an appointment which could be terminated by the mayor instantly at any time.

If the legislature had intended to convert such a precarious character of office into one having a fixed

and independent status, it would undoubtedly have provided in express language that such office should thereafter be elective. The legislature did not do that, however, and we do not think that so important a change in the character of an office is to be implied from the particular wording of the statute. We therefore hold that the office of town attorney for fourth-class towns was not an elective office at the time the election was held in Marysville in 1939; that there was therefore no warrant for holding such election; and that, consequently, appellant did not thereafter hold the office by virtue of an election, but only by appointment. We may say, parenthetically, that chapter 108, § 2, p. 281, Laws of 1941 (Rem. Supp. 1941, § 9165-1a), specifically declares the office to be appointive.

■ Appellant's second claim to the salary is based upon his contention that he was appointed to the office of town attorney and has never been discharged therefrom. We concede that he was appointed to the office. We further concede that he qualified for the office and served therein until the latter part of January, 1941. The trial court found, however, that appellant was discharged from office by the mayor sometime during the month of January, and that since that time appellant has not in any wise represented the town. The finding is substantiated by the evidence.

It is undisputed that, sometime in December, 1940, the mayor asked appellant for his resignation, but that the request was refused. Appellant testified that, shortly before January 31, 1941, the mayor threatened to discharge him or to declare the office vacant and then immediately appoint some other person. He also testified that at one meeting of the council in January he was informed that "they were going to get along without me." His contention now is, however, that he was never actually and definitely discharged. On

the other hand, the mayor testified positively that, after he had tried to get appellant to resign, but without success, he very explicitly told appellant that he "was through." Members of the council corroborated the mayor in that statement.

It is undisputed that appellant was paid his salary till February 1, 1941, and that from that time forward he was never in any way consulted by the town officers and never performed any services for the municipality, although it is admitted that he held himself ready to perform any services that might be requested of him. Under the evidence as shown by the record, we agree with the finding of the trial court that the appellant was formally discharged in January, 1941, and since then has performed no compensable services for the town.

Appellant's final, and seemingly his principal, contention is that his right to the salary flows legally from the fact that, pending the final determination of his right to the office, he was protected by an injunctive order of the court which restrained the town and its officials from interfering with the appellant in the performance of his duties. Appellant argues that during the interim he was at least the *de facto* attorney for the town, and hence was entitled to the regular salary annexed to the appointive office.

One very decisive answer to appellant's contention is that, according to the evidence in the record, appellant's discharge by the mayor was completely effected before the injunctive order was applied for or obtained. We have already indicated above that, under the statute, the mayor had the right to discharge the appellant at any time, and, since that was done at a time when no injunction was in existence, a restraining order subsequently issued did not have the effect of restoring appellant to the office.

Aside from that consideration, however, the injunctive order did nothing more than protect appellant, for the time being, in whatever rights the court on final hearing might find that he actually had. When the matter came to a final hearing, the court determined that appellant never had any right to the office subsequent to the time that he was advised by the mayor that his incumbency had ceased. The decision of that question, taken in connection with the undisputed fact that appellant performed no services for the town during the injunctive interim, dispels any ground for holding that appellant is entitled to recover salary during the period here involved.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, JEFFERS, and MALLERY, JJ., concur.

[1]Reported in 136 P. (2d) 192.